**No. 23-______**

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

---

IN RE CIVIL BEAT LAW CENTER FOR THE PUBLIC INTEREST, INC.,

Petitioner,

vs.

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAI`I,

Respondent.

---

# PETITION FOR WRIT OF MANDAMUS OR OTHER EXTRAORDINATY WRIT

ROBERT BRIAN BLACK 7659
Civil Beat Law Center for the Public Interest, Inc.
700 Bishop Street, Suite 1701
Honolulu, Hawai`i 96813
Telephone: (808) 531-4000
brian@civilbeatlawcenter.org

Attorney for Petitioner

## RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Petitioner Civil Beat Law Center for the Public Interest, Inc. states that it has no parent corporation and no publicly held corporation owns 10% or more of stock in Petitioner.

DATED: Honolulu, Hawai`i, January 31, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Petitioner

**TABLE OF CONTENTS**

RULE 26.1 CORPORATE DISCLOSURE STATEMENT .......................... i

TABLE OF CONTENTS ........................................................................ ii

TABLE OF AUTHORITIES........................................................................ iv

I. RELIEF SOUGHT........................................................................2

II. ISSUES PRESENTED........................................................................3

III. RELEVANT FACTS........................................................................4

IV. REASONS FOR WRIT OF MANDAMUS ..........................................6

A. Standard of Review: *Bauman* Factors for Writ of Mandamus ("Clearly Erroneous as a Matter of Law") ....................................6

B. Standard of Review: Supervisory Authority ("Principles of Right and Justice") ........................................................................9

C. The First Amendment Protects Access to Certain Court Records and Mandates Prerequisites to Closure of Those Records. ........................................................................9

D. The Common Law Also Protects Access to Certain Court Records and Provides a Strong Presumption in Favor of Access........................................................................18

E. Automatic Sealing Impermissibly Burdens the Public's Right of Access and "Reverse[s] the Presumption of Openness." ..........19

F. The Public Has a Qualified Right of Access to Sentencing Documents. ........................................................................23

G. The Public Has a Qualified Right of Access to Court-Ordered Criminal Competency Evaluations. ............................................27

H. The Public Has a Qualified Right of Access to Sentencing Filings Regarding Defendant Cooperation. ...............................30

CONCLUSION....................................................................................34
CERTIFICATE OF COMPLIANCE WITH WORD COUNT ..................35
STATEMENT OF RELATED CASES ..........................................................36

## TABLE OF AUTHORITIES

**Cases**


*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143 (9th Cir. 1983)....13, 19, 20

*CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985)..............3, 4, 23, 30

*Courthouse News Serv. v. Planet*, 947 F.3d 581 (9th Cir. 2020) ...........20, 21

*Del. Coal. for Open Gov't, Inc. v. Strine*, 733 F.3d 510 (3d Cir. 2013) ........21

*El Vocero de P.R. v. Puerto Rico*, 508 U.S. 147 (1993) ...........................21, 22

*Fernandez v. Meier*, 432 F.2d 426 (9th Cir. 1970) .......................................24

*Frazier v. Heebe*, 482 U.S. 641 (1987) .............................................................9

*Giannini v. Real*, 911 F.2d 354 (9th Cir. 1990) ..............................................9

*Globe Newspaper Co. v. Pokaski*, 868 F.2d 497 (1st Cir. 1989)..........2, 20, 21

*Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596 (1982)................. passim

*Hearst Newspapers, L.L.C. v. Cardenas-Guillen*, 641 F.3d 168 (5th Cir. 2011) ..........................................................................................23

*In re Copley Press*, 518 F.3d 1022 (9th Cir. 2008) ................................13, 30

*In re Express-News Corp.*, 695 F.2d 807 (5th Cir. 1982) .............................21

*In re McClatchy Newspapers Inc.*, 288 F.3d 369 (9th Cir. 2001) ..................7

*In re Providence Journal Co.*, 293 F.3d 1 (1st Cir. 2002) .............................20

*Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462 (9th Cir. 1990) ......................................................................... passim

*Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940 (9th Cir. 1998).. passim

*Presley v Georgia*, 558 U.S. 209 (2010) .........................................................16

*Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501 (1984)..................2, 12, 14, 16

*Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1 (1986)............................. passim

*Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980) ....10, 11, 12, 15

*Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513 (9th Cir. 1988) ................8

*Times Mirror Co. v. United States*, 873 F.2d 1210 (9th Cir. 1989) .............19

*U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18 (9th Cir. 1965)....................24

*United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244 (9th Cir. 1992) ........................................................................5

*United States v. Alcantara*, 396 F.3d 189 (2d Cir. 2005)..............................24

*United States v. Biagon*, 510 F.3d 844 (9th Cir. 2007) .......................3, 14, 23

*United States v. Brooklier*, 685 F.2d 1162 (9th Cir. 1982)........................1, 14

*United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188 (9th Cir. 2011) ....................................................................18

*United States v. Doe*, 269 Fed. Appx. 626 (9th Cir. 2008) ....................23, 30

*United States v. Doe*, 870 F.3d 991 (9th Cir. 2017) ............................ passim

*United States v. Eppinger*, 49 F.3d 1244 (7th Cir. 1995)........................24, 30

*United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012)....................3, 27, 29

*United States v. Index Newspapers LLC*, 766 F.3d 1072 (9th Cir. 2014)..........................................................................................9, 22

*United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998) .................3, 27, 28

*United States v. Kravetz*, 706 F.3d 47 (1st Cir. 2013)..................................23

*United States v. Rivera*, 682 F.3d 1223 (9th Cir. 2012)...............................24

*United States v. Schlette*, 842 F.2d 1574, *amended*, 854 F.2d 359 (9th Cir. 1988).........................................................................24, 26, 27

*United States v. Sleugh*, 896 F.3d 1007 (9th Cir. 2018)...............................19

*Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289 (9th Cir. 1986) ..........................................................................................7, 18

*Waller v. Georgia*, 467 U.S. 39 (1984) ..........................................................16

*Westchester Rockland Newspapers v. Leggett*, 399 N.E.2d 518 (1979).........28

**Rules**

Crim. L.R. 5.2 (D. Haw.)................................................................... passim

Crim. L.R. 32.2 (D. Haw.)........................................................................5

Crim. L.R. 32.1 (D. Alaska) ....................................................................30

Crim. L.R. 49.3 (D. Mont.)..................................................................27, 30

Crim. L.R. 55.1 (D. Mont.)......................................................................27

L.R. 79.2 (D.N. Mar. Is.).........................................................................27

Crim. L.R. 55 (W.D. Wash.) ..................................................................27, 30

Fed. R. Crim. P. 32...................................................................................25

Fed. R. Crim. P. 32 advisory committee notes (1966) .............................24

Fed. R. Crim. P. 32 advisory committee notes (1974) .............................24

Fed. R. Crim. P. 32 advisory committee notes (1983) .............................25

Fed. R. Crim. P. 32 advisory committee notes (1989) .............................25

Fed. R. Crim. P. 32 advisory committee notes (1994) .............................25

**Other Authorities**

Admin. Office of the U.S. Courts, *Memorandum Regarding Final Report of the Task Force on Protecting Cooperators* (Mar. 18, 2020).........32

Task Force on Protecting Cooperators, *Final Report of the Task Force on Protecting Cooperators* (Aug. 2018) .....................................................32

Advisory Comm. on Crim. Rules, *Report of the Advisory Comm. on Crim. Rules* (Dec. 8, 2017), *in* Comm. on Rules of Practice & Procedure (Jan. 4, 2018) ...........................................................................32

Comm. on Court Admin. & Case Mgmt. of the Judicial Conf., *Interim Guidance for Cooperator Information* (June 30, 2016) ..................31

Electronic Case Filing Administrative Policies and Procedures Manual (D. Ariz.)..............................................................................27

Electronic Case Filing Administrative Policies and Procedures Manual (S.D. Cal.) ........................................................................27, 30

Procedures for the Filing of Sealed and Ex Parte Documents for Criminal Defense Counsel (E.D. Wash.) ...............................................30

## PETITION FOR WRIT OF MANDAMUS OR OTHER EXTRAORDINATY WRIT

This Court has long held that the district courts must satisfy "procedural prerequisites to closure" before sealing certain categories of court records. *E.g.*, *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982). For example, when the public has a qualified right of access, "if a court contemplates sealing a document or transcript, it must provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives." *Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998). Despite this clear rule, on December 16, 2022, Respondent United States District Court for the District of Hawai`i (USDC Hawai`i) adopted local criminal rules that require sealing of certain documents without satisfying any of the procedural prerequisites.

For each of the specific categories of court records subject to automatic sealing that are challenged in this petition, this Court has held that the public has a qualified right of access under the First Amendment to the U.S. Constitution or the common law. Contrary to the "presumption of openness" for these records, the USDC Hawai`i rule provides for blanket sealing without any consideration of, or judicial findings regarding, the individual circumstances of the particular case and possible objections. *See,*

*e.g.*, *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984) [*Press-Enter. I*]. This automatic closure severely prejudices the public's right of access by, at a minimum, obstructing access as the public is forced to incur the expense and delay of a motion to unseal.[1]

District courts cannot—as USDC Hawai`i does here—have a local rule of sealing by default that hinders access to court records that are protected by the public's qualified right of access.

## I. RELIEF SOUGHT

Petitioner Civil Beat Law Center for the Public Interest (Law Center) respectfully requests that the Court invalidate the portions of the new USDC Hawai`i Criminal Local Rule 5.2 that require automatic filing under seal for all sentencing statements, (a)(2); competency evaluations, (a)(8); and sentencing filings regarding a criminal defendant's cooperation, (a)(9).

---

[1] *E.g.*, *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 507 (1st Cir. 1989) ("By sealing records in the first instance and requiring those seeking access to initiate an administrative or judicial action, [the challenged statute] also places on the public the burden of overcoming inertia. Moreover, to the extent that the press must obtain counsel to argue for the release of records, the statute imposes an economic burden on the public.").

## II. ISSUES PRESENTED

1. Whether, pursuant to USDC Hawai`i Criminal Local Rule 5.2(a)(2), automatic sealing of all sentencing statements—without advance notice or opportunity for the public to be heard and without case-by-case judicial review and specific findings—is contrary to the presumption of openness recognized by this Court in, for example, *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985), and *United States v. Biagon*, 510 F.3d 844 (9th Cir. 2007), and thus clearly erroneous as a matter of law or, at a minimum, inconsistent with principles of right and justice.

2. Whether, pursuant to USDC Hawai`i Criminal Local Rule 5.2(a)(8), automatic sealing of all competency evaluations—without advance notice or opportunity for the public to be heard and without case-by-case judicial review and specific findings—is contrary to the presumption of openness recognized by this Court in, for example, *United States v. Guerrero*, 693 F.3d 990 (9th Cir. 2012), and *United States v. Kaczynski*, 154 F.3d 930 (9th Cir. 1998), and thus clearly erroneous as a matter of law or, at a minimum, inconsistent with principles of right and justice.

3. Whether, pursuant to USDC Hawai`i Criminal Local Rule 5.2(a)(9), automatic sealing of all sentencing filings regarding defendant

cooperation—without advance notice or opportunity for the public to be heard and without case-by-case judicial review and specific findings—is contrary to the presumption of openness recognized by this Court in, for example, *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823 (9th Cir. 1985), and *United States v. Doe*, 870 F.3d 991 (9th Cir. 2017), and thus clearly erroneous as a matter of law or, at a minimum, inconsistent with principles of right and justice.

## III. RELEVANT FACTS

On December 16, 2022, USDC Hawai`i adopted Criminal Local Rule 5.2(a) that provides in relevant part:

> The following documents shall be filed under seal automatically:
>
> . . .
>
> (2) Presentence Investigation Reports (including drafts) and Sentencing Statements outlining objections or corrections to them;
>
> . . .
>
> (8) competency evaluations;
>
> (9) filings setting forth the substantial assistance of Defendant in the investigation or prosecution of another person pursuant to U.S. Sentencing Guidelines § 5K1.1, Fed. R. Crim. P. 35, or 18 U.S.C. § 3553(e)
>
> . . .
>
> In all other filings, the parties shall redact sealed information obtained from one of the foregoing or rely on the public record.

Appx. at 12-13. Criminal Local Rule 32.2(a) defines a "Sentencing Statement" to include the parties' advocacy regarding a criminal defendant's sentencing.[2] Appx. at 31 ("A 'Sentencing Statement' is a formal objection to the draft Presentence Report and shall include objections, if any, concerning factual information, sentencing guideline ranges and policy statements, and shall address how any objection affects the proposed guideline calculation."). Defendants in USDC Hawai`i often include character letters and extensive position statements on sentencing in a sentencing statement. *E.g.*, *United States v. Katherine Kealoha*, No. 17-CR-582, Dkt. 905; *United States v. Nickie Mali Lum Davis*, No. 20-CR-68, Dkt. 97.[3]

---

[2] The Law Center's petition challenges a default rule sealing sentencing statements, not presentence investigation reports. Unlike the probation office's presentence investigation report, the sentencing statement contains the *parties'* positions regarding facts, law, and policy that affect sentencing.

[3] District court docket references are D. Haw. unless otherwise specified. Although these cases predate the latest USDC Hawai`i Criminal Local Rules, the prior rules instructed parties to file a sentencing statement under seal, using language similar to the current definition—"objections, if any, concerning factual information, sentencing guideline ranges and policy statements which remain in dispute." The Law Center requests that the Court take judicial notice of the various District of Hawai`i proceedings referenced in this petition that provide examples of the sealed filings at issue here. *E.g.*, *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).

## IV. REASONS FOR WRIT OF MANDAMUS

The USDC Hawai`i rule violates the presumption of openness by automatically sealing court records that are protected by the public's qualified right of access under the First Amendment and common law. As set forth in this Court's precedent, when the right of access applies, parties should make a motion to seal, and courts should enter findings that justify sealing on a specific case-by-case basis *before* a document is filed under seal. The USDC Hawai`i rule requiring automatic sealing thus is "clearly erroneous as a matter of law" (mandamus) and inconsistent with "the principles of right and justice" (supervisory authority).

### A. Standard of Review: *Bauman* Factors for Writ of Mandamus ("Clearly Erroneous as a Matter of Law")

Mandamus is an "extraordinary remedy" to preserve "the policy against piecemeal review underlying the final judgment rule." *E.g.*, *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1464 (9th Cir. 1990). This petition—as a review of the USDC Hawai`i local rule—will not require piecemeal review of pending criminal matters.

Nevertheless, the relief sought here fits the typical analysis of mandamus petitions. This Court balances the *Bauman* factors to assess when mandamus relief is appropriate. *Id.*

1. whether the petitioner has no other adequate means, such as direct appeal, to obtain the requested relief;
2. whether the petitioner will be damaged or prejudiced in a way not correctable on appeal;
3. whether the district court's order is clearly erroneous as a matter of law;
4. whether the district court's order is an oft-repeated error or manifests a persistent disregard of the federal rules; and
5. whether the district court's order raises new and important problems or issues of first impression.

*Id.* Not all factors need apply; "the factors are not intended to 'supplant reasoned and independent analysis' but rather 'serve only as a useful starting point, an analytic framework for determinations regarding the propriety of mandamus relief.'" *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1292 & n.3 (9th Cir. 1986).

The presence of the first two factors is well established when—as here—the public is denied easy and timely access to criminal court records. *Oregonian Publ'g*, 920 F.2d at 1465 ("without immediate review, the press will face a serious injury to an important first amendment right."); *accord In re McClatchy Newspapers Inc.*, 288 F.3d 369, 373 (9th Cir. 2001); *Valley Broadcasting*, 798 F.2d at 1292 ("because KVBC-TV seeks to obtain the tapes for contemporaneous broadcast, when presumably they will pack the greatest punch, delay will prejudice its application 'in a way not correctable on appeal.'"); *Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940,

952 (9th Cir. 1998) ("the Press cannot win redress on appeal for its injury from the delay in the release of the hearing transcript."); *Seattle Times Co. v. U.S. Dist. Ct.*, 845 F.2d 1513, 1515 (9th Cir. 1988). As to the fourth factor, the USDC Hawai`i prior local rules and practice—now consolidated and codified in Criminal Local Rule 5.2—similarly resulted in frequent automatic sealing of records, delaying public access and necessitating motions to unseal.[4] As to the fifth factor, although this Court has held that a qualified right of public access attaches to these specific categories of records, the Law Center is not aware of any Ninth Circuit precedent addressing a local rule as here requiring automatic sealing of such records without regard for the "procedural prerequisites to closure"—a matter of first impression.

---

[4] In each of these matters, after the public incurred the expense and delay of filing a motion, the district court ordered the document unsealed entirely or, at least, with redactions. *In re Civil Beat Law Center for the Public Interest*, No. 22-MC-457 (motion to unseal, *inter alia*, sentencing statement); *In re Civil Beat Law Center for the Public Interest*, No. 22-MC-431 (motion to unseal sentencing statement and exhibits); *In re Civil Beat Law Center for the Public Interest*, No. 22-MC-276 (motion to unseal sentencing statement); *In re Civil Beat Law Center for the Public Interest*, No. 22-MC-275 (motion to unseal sentencing statement); *In re Civil Beat Law Center for the Public Interest*, No. 22-MC-124 (motion to unseal 5K1.1 motion); *In re Civil Beat Law Center for the Public Interest*, No. 19-MC-282 (motion to unseal, *inter alia*, competency evaluation); *In re Motion to Unseal Court Records*, No. 18-MC-477 (motion to unseal, *inter alia*, competency evaluation).

"Thus, the key factor to be considered is whether the district court's order is clearly erroneous as a matter of law." *Oregonian Publ'g*, 920 F.2d at 1465. When the public's qualified right of access attaches, the failure to follow the procedural prerequisites to closure—in all criminal cases by default rule—is clearly erroneous as a matter of law.

### B. Standard of Review: Supervisory Authority ("Principles of Right and Justice")

"A district court's discretion in promulgating local rules is not, however, without limits." *Frazier v. Heebe*, 482 U.S. 641, 645 (1987). As an exercise of its inherent supervisory authority, this Court has recognized that it has a role to ensure that local district court rules are consistent with principles of "right and justice," following the Supreme Court's lead in *Frazier*. *E.g.*, *Giannini v. Real*, 911 F.2d 354, 361 (9th Cir. 1990). When the public's qualified right of access attaches, the failure to follow the procedural prerequisites to closure—in all criminal cases by default rule—does not satisfy the "right and justice" standard.

### C. The First Amendment Protects Access to Certain Court Records and Mandates Prerequisites to Closure of Those Records.

"America has a long history of distrust for secret proceedings." *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014).

The tradition of public access to criminal proceedings "can be traced back beyond reliable historical records." *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 564-68 (1980) (plurality opinion). "[One] of the most conspicuous features of English justice, that all judicial trials are held in open court, to which the public have free access, . . . appears to have been the rule in England from time immemorial." *Id.* at 566-67 (alterations in original). "[T]he historical evidence demonstrates conclusively that at the time when our organic laws were adopted, criminal trials both here and in England had long been presumptively open. This is no quirk of history; rather, it has long been recognized as an indispensable attribute of an Anglo-American trial." *Id.* at 569.

As a consequence, "[a] major purpose of [the First] Amendment was to protect the free discussion of governmental affairs." *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 604 (1982); *Richmond Newspapers*, 448 U.S. at 575 (plurality opinion) (the freedoms in the First Amendment "share a common core purpose of assuring freedom of communication on matters relating to the functioning of government"). Thus, to the extent that the constitution guarantees a qualified right of public access, "it is to ensure that this constitutionally protected 'discussion of governmental affairs' is

an informed one." *Globe Newspaper*, 457 U.S. at 605; *Richmond Newspapers*, 448 U.S. at 587 (Brennan, J., concurring) ("Implicit in this structural role is not only the principle that debate on public issues should be uninhibited, robust, and wide-open, but also the antecedent assumption that valuable public debate—as well as other civic behavior—must be informed."). Without such public access, "important aspects of freedom of speech and 'of the press could be eviscerated.'" *Richmond Newspapers*, 448 U.S. at 580 (plurality opinion).

"By offering such protection, the First Amendment serves to ensure that the individual citizen can effectively participate in and contribute to our republican system of self-government." *Globe Newspaper*, 457 U.S. at 604. "[T]he public has an intense need and a deserved right to know about the administration of justice in general; about the prosecution of local crimes in particular; about the conduct of the judge, the prosecutor, defense counsel, police officers, other public servants, and all the actors in the judicial arena; and about the trial itself." *Richmond Newspapers*, 448 U.S. at 604 (Blackmun, J., concurring). "[Openness] gave assurance that the proceedings were conducted fairly to all concerned, and it discouraged perjury, the misconduct of participants, and decisions based on secret bias

or partiality." *Id.* at 569 (plurality opinion); *accord Press-Enter. I*, 464 U.S. 501, 508 (1984) ("[T]he sure knowledge that *anyone* is free to attend gives assurance that established procedures are being followed and that deviations will become known.").

"A result considered untoward may undermine public confidence, and where the trial has been concealed from public view, an unexpected outcome can cause a reaction that the system, at best, has failed, and, at worst, has been corrupted." *Richmond Newspapers*, 448 U.S. at 571 (plurality opinion); *Globe Newspaper*, 457 U.S. at 606 ("[P]ublic access to the criminal trial fosters an appearance of fairness, thereby heightening public respect for the judicial process."); *Press-Enter. I*, 464 U.S. 501, 508 (1984) ("Openness thus enhances both the basic fairness of the criminal trial and the appearance of fairness so essential to public confidence in the system."). "People in an open society do not demand infallibility from their institutions, but it is difficult for them to accept what they are prohibited from observing." *Richmond Newspapers*, 448 U.S. at 572 (plurality opinion).

The same First Amendment standards for closing courtroom proceedings apply to sealing documents for criminal pretrial proceedings.[5] *E.g.*, *Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1145 (9th Cir. 1983). As this Court observed:

> There is no reason to distinguish between pretrial proceedings and the documents filed in regard to them. Indeed, the two principal justifications for the first amendment right of access to criminal proceedings apply, in general, to pretrial documents. Those two justifications are: "first, the criminal trial historically has been open to the press and general public," and "second, the right of access to criminal trials plays a particularly significant role in the functioning of the judicial process and the government as a whole." There can be little dispute that the press and public have historically had a common law right of access to most pretrial documents — though not to some, such as transcripts of grand jury proceedings. . . . We thus find that the public and press have a first amendment right of access to pretrial documents in general.

---

[5] Whether the qualified right of public access under the First Amendment attaches to a particular type of proceeding must be analyzed under the "experience and logic" standard: whether "the place and process have historically been open to the press and the general public" and "whether public access plays a significant positive role in the functioning of the particular process in question." *Press-Enter. Co. v. Superior Ct.*, 478 U.S. 1, 8 (1986) [*Press-Enter. II*]. A proceeding must meet at least one prong of the standard. *In re Copley Press*, 518 F.3d 1022, 1026 (9th Cir. 2008) ("we consider both 'historical experience' and 'logic', though logic alone, even without experience, may be enough to establish the [public's qualified First Amendment right of access to court records]"). For the proceedings at issue in this petition—as detailed below—this Court has already held that the experience and logic standard is met.

*Id.* (citations omitted).

To preserve societal values reflected in the First Amendment, the U.S. Supreme Court held that "[c]losed proceedings, although not absolutely precluded, must be rare and only for cause shown that outweighs the value of openness." *Press-Enter. I*, 464 U.S. at 509. "The presumption of openness may be overcome only by an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Id.* at 510; *accord Globe Newspaper*, 457 U.S. at 606-07.

When the First Amendment right of access applies, there are "procedural prerequisites to closure" that must be met in order to preserve the presumption of openness. *United States v. Brooklier*, 685 F.2d 1162, 1167-68 (9th Cir. 1982). First, the public must be provided notice and an opportunity to be heard before closure occurs. *Globe Newspaper*, 457 U.S. at 609 n.25 ("Of course, for a case-by-case approach to be meaningful, representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'"); *United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007) (oral motion at hearing insufficient); *Phoenix Newspapers v. U.S. Dist. Ct.*, 156 F.3d 940, 949 (9th Cir. 1998) ("[I]f a court contemplates sealing a document or transcript, it must

provide sufficient notice to the public and press to afford them the opportunity to object or offer alternatives."); *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1466 (9th Cir. 1990) ("those excluded from the proceeding must be afforded a reasonable opportunity to state their objections"); *Brooklier*, 685 F.2d at 1168. This required procedure ensures that the public has a "meaningful opportunity to address sealing the [documents] on the merits, or to discuss with the court viable alter[n]atives." *Phoenix Newspapers*, 156 F.3d at 949.

Second, the trial court must make "findings to support closure." *Richmond Newspapers*, 448 U.S. at 580; *accord Press-Enter. II*, 478 U.S. at 14 ("the proceedings cannot be closed unless specific, on the record findings are made"). The district court must make "specific factual findings" that: "(1) closure serves a compelling interest; (2) there is a substantial probability that, in the absence of closure, this compelling interest would be harmed; and (3) there are no more alternatives to closure that would adequately protect the compelling interest." *Phoenix Newspapers*, 156 F.3d at 949.

Findings must be "specific enough that a reviewing court can determine whether the closure order was properly entered." *Press-Enter. I*,

464 U.S. at 510. "The court may not base its decision on conclusory assertions alone . . . ." *Oregonian Publ'g*, 920 F.2d at 1466 & 1467 n.1 (findings insufficient because general concern about danger to defendant as a cooperator with no factual basis and finding on alternatives did not discuss options); *accord Press-Enter. I*, 464 U.S. at 511-13 (generic concerns about fair trial and juror privacy and no discussion of alternatives); *Phoenix Newspapers*, 156 F.3d at 950-51 ("generalized concerns" about fair trial, compromising an investigation, and juror security and only general finding on alternatives without discussing options); *see also Presley v Georgia*, 558 U.S. 209, 214-15 (2010) (per curiam) (applying *Press-Enterprise* standard to parallel Sixth Amendment right, findings insufficient because failure to consider alternatives; concern over adequacy of finding about "generic risk" of potential improper juror communications); *Waller v. Georgia*, 467 U.S. 39, 48-49 (1984) (parallel Sixth Amendment right, "broad and general" concerns about third party privacy and no discussion of alternatives). "It is the burden of the party seeking closure . . . to present facts supporting closure and to demonstrate that available alternatives will not protect his [or her] rights." *Oregonian Publ'g*, 920 F.2d at 1467.

Without these procedural protections, the public's qualified right of access under the First Amendment is an empty guarantee. If parties decide what is sealed—without advance notice to the public or judicial review—secrecy dominates. Openness then only occurs when the public has the resources to litigate the issue; it is no longer presumed. *E.g.*, *supra* note 4.

> The procedural and substantive safeguards described in *Oregonian* and *Brooklier* are not mere punctilios, to be observed when convenient. They provide the essential, indeed only, means by which the public's voice can be heard. All too often, parties to the litigation are either indifferent or antipathetic to disclosure requests. This is to be expected: it is not their charge to represent the rights of others. However, balancing interests cannot be performed in a vacuum. Thus, providing the public notice and an opportunity to be heard ensures that the trial court will have a true opportunity to weigh the legitimate concerns of all those affected by a closure decision. Similarly, entry of specific findings allows fair assessment of the trial judge's reasoning by the public and the appellate courts, enhancing trust in the judicial process and minimizing fear that justice is being administered clandestinely.

*Phoenix Newspapers*, 156 F.3d at 951.

### D. The Common Law Also Protects Access to Certain Court Records and Provides a Strong Presumption in Favor of Access.

When the common law right of access attaches, "a strong presumption in favor of access is the starting point."[6] *United States v. Bus. of the Custer Battlefield Museum & Store*, 658 F.3d 1188, 1194 (9th Cir. 2011); *accord Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1293-94 (9th Cir. 1986). The "party seeking to seal a judicial record then bears the burden of overcoming this strong presumption by . . . articulating compelling reasons . . . that outweigh the general history of access and the public policies favoring disclosure." *Custer Battlefield*, 658 F.3d at 1194-95. A court presented with a motion to seal must balance the competing interests and "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Id.* at 1195. "[T]he court may not restrict access to the documents without articulating both a compelling reason and a factual basis for its ruling." *Id.* at 1196.

---

[6] Whether the common law right of access attaches is analyzed by asking if the records have "traditionally been kept secret for important policy reasons." *Custer Battlefield*, 658 F.3d at 1193. For the proceedings here—as detailed below—this Court has already held that the right of access applies under either the First Amendment or common law.

### E. Automatic Sealing Impermissibly Burdens the Public's Right of Access and "Reverse[s] the Presumption of Openness."

Courts cannot categorically seal court records by rule when the public has a qualified right of access under the First Amendment or common law. If there is a categorical basis to keep records secret, that is determined by the threshold question of whether the qualified right of access attaches. *E.g.*, *United States v. Sleugh*, 896 F.3d 1007, 1014 (9th Cir. 2018) (no First Amendment or common law qualified right of access to criminal defendant's subpoena applications under Fed. R. Crim. P. 17); *Times Mirror Co. v. United States*, 873 F.2d 1210, 1221 (9th Cir. 1989) (pre-indictment search warrants when there is an ongoing investigation). Once the "strong presumption in favor of access" applies, however, more nuance is required. Courts must consider less restrictive alternatives or balance the competing interests, and at a minimum, the district court must make specific factual findings that justify the sealing. None of that happens when records are automatically sealed by default rule.

As this Court explained in *Associated Press*, automatic sealing delays access and thus improperly burdens the public's right of access.

> Moreover, the court's orders that seal each and every document filed impermissibly reverse the "presumption of openness" that characterizes criminal proceedings "under our system of

> justice." It is irrelevant that some of these pretrial documents might only be under seal for, at a minimum, 48 hours under the March 22, 1983 order. The effect of the order is a total restraint on the public's first amendment right of access even though the restraint is limited in time.

*Associated Press v. U.S. Dist. Ct.*, 705 F.2d 1143, 1147 (9th Cir. 1983) (citations omitted); *accord Courthouse News Serv. v. Planet*, 947 F.3d 581, 594 (9th Cir. 2020) ("To delay or postpone disclosure undermines the benefit of public scrutiny and may have the same result as complete suppression.") (internal quotations omitted); *see also In re Providence Journal Co.*, 293 F.3d 1, 11 (1st Cir. 2002) ("Whether viewed as a restriction on access or as a practical inconvenience, this protocol reverses the constitutional presumption of public access to documents submitted in conjunction with criminal proceedings."); *Globe Newspaper Co. v. Pokaski*, 868 F.2d 497, 506-08 (1st Cir. 1989) ("delay burdens the First Amendment"). It does not matter that a compelling interest may exist in some instances or that alternatives to closure may be cumbersome. *Press-Enter. II*, 478 U.S. 1, 15 (1986) ("But this risk of prejudice does not automatically justify refusing public access to hearings on every motion to suppress.").

Courts consistently strike down any statute or rule that automatically closes court proceedings in a manner that fails to comply with standards of

access. *Globe Newspaper Co. v. Superior Ct.*, 457 U.S. 596, 609, 610 n.27 (1982) (holding that "a mandatory rule [that barred public access to all court testimony by minor victims of sex crimes], requiring no particularized determinations in individual cases, is unconstitutional"); *accord El Vocero de P.R. v. Puerto Rico*, 508 U.S. 147, 150-51 (1993) (state court rule unconstitutional for requiring secrecy in criminal preliminary hearings); *Press-Enter. II*, 478 U.S. at 14-15 (state statute sealing preliminary hearings unconstitutional for applying reasonable likelihood, not substantial probability standard, and for not considering alternatives); *Courthouse News*, 947 F.3d at 596-98 (affirming district court striking as unconstitutional a court policy to deny access to civil complaints pending clerk review); *see also Del. Coal. for Open Gov't, Inc. v. Strine*, 733 F.3d 510, 520-21 (3d Cir. 2013) (state court rule unconstitutional for mandating confidentiality for government-sponsored arbitrations); *Pokaski*, 868 F.2d at 509 (state statute unconstitutional for sealing all criminal cases that end in "not guilty" or "no probable cause" finding); *In re Express-News Corp.*, 695 F.2d 807, 809-11 (5th Cir. 1982) (local district rule unconstitutional for prohibiting public access to jurors regarding deliberations or verdict without leave of the court); *cf. United States v. Doe*, 870 F.3d 991, 1002 (9th

Cir. 2017) ("a presumption of closure for all court filings [regarding cooperation] would not be consistent with our circuit's case law"). Any compelling interest "could be served just as well by requiring the trial court to determine on a case-by-case basis whether the State's [asserted interest] necessitates closure." *Globe Newspaper*, 447 U.S. at 609.

Concern about automatic sealing by policy or rule does not mean that every specific proceeding must be public. There may be reasons common to particular proceedings (*e.g.*, testimony of child victims of sex crimes) that often justify closure. But when there is a presumption of public access by law, a court must address the issue on a case-by-case basis before sealing. *E.g.*, *El Vocero de P.R.*, 508 U.S. at 151 ("this concern can and must be addressed on a case-by-case basis"); *Globe Newspaper*, 457 U.S. at 608 ("A trial court can determine on a case-by-case basis whether closure is necessary to protect the welfare of a minor victim."); *Doe*, 870 F.3d at 1002 ("nothing in our precedent prevents district courts from adopting some variation of the practices recommended by the CCACM Report, as long as district courts decide motions to seal or redact on a case-by-case basis."); *United States v. Index Newspapers LLC*, 766 F.3d 1072, 1095 (9th Cir. 2014) ("These considerations are not exhaustive, but are examples of the

considerations that may be relevant when conducting the necessary case-by-case balancing of interests.").

Requiring the public to hire counsel and ask permission through a motion to unseal every time is fundamentally inconsistent with the well-established strong presumption in favor of access. *E.g.*, *supra* note 4.

### F. The Public Has a Qualified Right of Access to Sentencing Documents.

Criminal Local Rule 5.2(a)(2) automatically seals any "sentencing statement"—defined as an objection to facts, guideline ranges, or sentencing policy in the presentence investigation report.[7] Appx. at 12-13, 31. This Court has long recognized that sentencing-related proceedings are subject to a qualified right of public access. *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985); *accord United States v. Biagon*, 510 F.3d 844, 848 (9th Cir. 2007); *United States v. Doe*, 269 Fed. Appx. 626, 626 (9th Cir. 2008); *see also, e.g.*, *United States v. Harris*, 890 F.3d 480, 492 (4th Cir. 2018); *United States v. Kravetz*, 706 F.3d 47, 56-59 (1st Cir. 2013); *Hearst Newspapers, L.L.C. v. Cardenas-Guillen*, 641 F.3d 168, 176-81 (5th Cir. 2011); *United States v.*

[7] The Law Center has not identified any other district in the Ninth Circuit that provides for automatic sealing of parties' responses to the presentence investigation report.

*Alcantara*, 396 F.3d 189, 196-99 (2d Cir. 2005); *United States v. Eppinger*, 49 F.3d 1244, 1252-53 (7th Cir. 1995); *cf. United States v. Rivera*, 682 F.3d 1223, 1228 (9th Cir. 2012) (under parallel Sixth Amendment standard).

This petition challenges automatic sealing for sentencing advocacy, not sealing presentence investigation reports. But public access does not change simply because the parties' filings respond to the presentence investigation report. *See U.S. Indus., Inc. v. U.S. Dist. Ct.*, 345 F.2d 18, 22-23 (9th Cir. 1965) (pre-*Press Enterprise* case requiring unsealing of sentencing statement sent to probation officer with redactions to protect the identity of grand jury witnesses). Nothing in Fed. R. Crim. P. 32, nor 18 U.S.C. § 3552, requires secrecy for the contents of presentence investigation reports. *United States v. Schlette*, 842 F.2d 1574, 1578-79, *amended*, 854 F.2d 359 (9th Cir. 1988). Historically, presentence investigation reports were kept confidential even from the defendant and included only the probation officer's independent assessment of sentencing issues. *E.g.*, *Fernandez v. Meier*, 432 F.2d 426, 427 (9th Cir. 1970) (defendant has no constitutional right to access presentence investigation report); *see also* Fed. R. Crim. P. 32 advisory committee notes (1966) (permitting disclosure to defendant), (1974) (encouraging, absent compelling reasons, disclosure to defendant to

promote more accurate reports), (1983) (requiring disclosure within reasonable time to defendant and judicial resolution of material factual disputes), (1989) (requiring disclosure within 10 days of sentencing and no longer requiring defendant to return the report), (1994) (timing for disclosure and objections).

As Federal Rule of Criminal Procedure 32 has evolved, a measure of sentencing advocacy has shifted from the sentencing hearing to the process for objections to presentence investigation reports. Fed. R. Crim. P. 32(e), (f). As explained by the Advisory Committee, the objections process "is intended to maximize judicial economy by providing for more orderly sentencing hearings while also providing fair opportunity for both parties to review, object to, and comment upon, the probation officer's report in advance of the sentencing hearing." Fed. R. Crim. P. 32 advisory committee notes (1994). But judicial economy does not justify making confidential the parties' advocacy about an appropriate sentence when that process has traditionally been public.[8]

---

[8] Otherwise, parties will file an extensive "sentencing statement" responding to the presentence investigation report—with lengthy analysis of facts and law and character reference letters—but file a cursory "sentencing memorandum" because the former is automatically sealed and the latter is public. *Compare, e.g., United States v. Nickie Mali Lum Davis*, No.

As this Court observed in ordering disclosure of a presentence investigation report, there is a

> legitimate interest in explaining to a concerned public the means by which sentencing decisions are made. Making the public aware of how the criminal justice system functions surely serves the ends of justice. Publishing sufficient information to allow the public to join in a dialogue about the courts and the treatment of defendants can only have a positive impact on the public's perception of our judicial system.

*Schlette*, 842 F.2d at 1583. The *Schlette* court rejected arguments under the common law for the confidentiality of presentence investigation reports based on "sources of confidential information" drying up, preventing retaliation for information disclosed, and detrimental impact on the quality of the presentence reports—stating that such arguments have "been proven empirically false." *Id.* at 1580.

The public has a qualified right of public access to advocacy by the government or a defendant concerning an appropriate sentence, including relevant facts and law. No obvious compelling interest justifies universal sealing of all sentencing statements. And alternatives to possible limited concerns exist—*e.g.*, case-by-case review, redacting particularly sensitive

---

20-CR-68, Dkt. 107 (72-page "sentencing statement" with character letters originally filed under seal as Dkt. 97), *with* Dkt. 138 (19-page publicly filed "sentencing memorandum").

information, or providing access only in the courthouse (not through PACER). By automatically sealing sentencing statements without any notice, opportunity for the public to object, or judicial findings to justify the sealing or consider alternatives, Criminal Local Rule 5.2(a)(2) is clearly erroneous as a matter of law and inconsistent with principles of right and justice.

### G. The Public Has a Qualified Right of Access to Court-Ordered Criminal Competency Evaluations.

Criminal Local Rule 5.2(a)(8) automatically seals "competency evaluations."[9] Appx. at 12. This Court has recognized that competency-related proceedings are subject to a qualified right of public access. *United States v. Guerrero*, 693 F.3d 990, 1000-02 (9th Cir. 2012) (First Amendment); *United States v. Kaczynski*, 154 F.3d 930, 931-32 (9th Cir. 1998) (common law); *cf. Schlette*, 842 F.2d at 1583-84 & n.5 (common law right to

---

[9] The District of Montana, District of Northern Marianas Islands, and Western District of Washington also have local rules that require competency evaluations be automatically sealed. D. Mont. Crim. L.R. 49.3(a)(2)(C), 55.1(d)(4); D.N. Mar. Is. L.R. 79.2(b)(1)(C); W.D. Wash. Crim. L.R. 55(b)(6). The District of Arizona and Southern District of California have filing procedures (not local rules) that appear to deny public access to competency evaluations. D. Ariz. Electronic Case Filing Administrative Policies and Procedures Manual, § II.Q at 21 No. 7 (exceptions to electronic filing); S.D. Cal. Electronic Case Filing Administrative Policies and Procedures Manual, § 1.h(g) at 6 & § 2.p(7) at 19.

"psychiatric report" prepared for probation office as part of presentence investigation report).

Competency proceedings are a cornerstone to the fair administration of justice, and if dispositive of criminal charges, those proceedings may be the only opportunity for public insight into the "workings of the criminal justice system" for the case. *Kaczynski*, 154 F.3d at 931-32 (disclosure of competency evaluation "would serve the ends of justice by informing the public about the court's competency determination and [the defendant's] motivation for committing [his] crimes"); *see also Press-Enter. II*, 478 U.S. 1, 12 (1986) (emphasizing the importance of public access to preliminary hearings because those proceedings are "often the final and most important step in the criminal proceeding")[10]; *Oregonian Publ'g Co. v. U.S. Dist. Ct.*, 920 F.2d 1462, 1465 (9th Cir. 1990) ("Just as there exists a first amendment right of access in the context of criminal trials, it should exist in the context of the means by which most criminal prosecutions are resolved, the plea agreement." (citations omitted)).

---

[10] In reviewing the tradition of public access to pretrial criminal proceedings across the country, the Supreme Court cited with approval *Westchester Rockland Newspapers v. Leggett*, 399 N.E.2d 518 (1979), which held that the public has a qualified right to attend criminal competency proceedings. *Press-Enter. II*, 478 U.S. at 10 & n.3.

> [C]ompetency hearings may determine the critical question of whether a criminal defendant will proceed to trial. A court's decision on whether a defendant is able to understand the nature of the proceedings against him and whether he is able to assist counsel in his defense is a critical part of the criminal process. Allowing public access to a competency hearing permits the public to view and read about the criminal justice process and ensure that the proceedings are conducted in an open, objective, and fair manner. Indeed, public confidence in the judicial system is especially significant where a defendant accused of a violent felony is not tried because he was found incompetent.

*Guerrero*, 693 F.3d at 1001-02 ("As the experience and logic factors are both met, the district court did not clearly err in finding a qualified First Amendment right of access to mental competency hearings.").

No obvious compelling interest justifies universal sealing of all competency evaluations. And alternatives to possible limited concerns exist—*e.g.*, case-by-case review, redacting particularly sensitive information, or providing access only in the courthouse (not through PACER). By automatically sealing competency evaluations without any notice, opportunity for the public to object, or judicial findings to justify the sealing or consider alternatives, Criminal Local Rule 5.2(a)(8) is clearly erroneous as a matter of law and inconsistent with principles of right and justice.

### H. The Public Has a Qualified Right of Access to Sentencing Filings Regarding Defendant Cooperation.

Criminal Local Rule 5.2(a)(9) automatically seals "filings setting forth the substantial assistance of Defendant in the investigation or prosecution of another person pursuant to U.S. Sentencing Guidelines § 5K1.1, Fed. R. Crim. P. 35, or 18 U.S.C. § 3553(e)."[11] Appx. at 13. This Court has recognized that cooperator-related sentencing proceedings are subject to a qualified right of public access. *CBS, Inc. v. U.S. Dist. Ct.*, 765 F.2d 823, 825 (9th Cir. 1985) (Rule 35 motion); *accord United States v. Doe*, 870 F.3d 991, 1002 (9th Cir. 2017) (assuming right to 5K1.1 documents); *United States v. Doe*, 269 Fed. Appx. 626, 626 (9th Cir. 2008); *see also United States v. Eppinger*, 49 F.3d 1244, 1252-53 (7th Cir. 1995) (5K1.1 motion); *cf. In re Copley Press, Inc.*, 158 F.3d 1022, 1028-29 (9th Cir. 2008) (cooperation addendum in

---

[11] The District of Alaska, District of Montana, and Western District of Washington also have local rules that require cooperator-related sentencing filings be automatically sealed. D. Alaska Crim. L.R. 32.1(f); D. Mont. Crim. L.R. 49.3(a)(2)(E); W.D. Wash. Crim. L.R. 55(b)(9). The Southern District of California and Eastern District of Washington have filing procedures (not local rules) that appear to deny public access to cooperator-related sentencing filings. S.D. Cal. Electronic Case Filing Administrative Policies and Procedures Manual, § 2.p(8) at 19; E.D. Wash. Procedures for the Filing of Sealed and Ex Parte Documents for Criminal Defense Counsel at 2, 10, 12-14.

plea agreement); *Oregonian Publ'g*, 920 F.2d at 1467 (plea agreement discussing cooperation).

In *Doe*, this Court addressed at length the serious risk that exists in some cases for cooperators whose cooperation may be exposed by court filings, especially in a digital era. 870 F.3d at 997-98, 1001-02. The Court focused significant attention on 2016 Interim Guidance from a committee of the Judicial Conference that recommended automatic sealing for certain filings that indicate a criminal defendant's cooperation. Comm. on Court Admin. & Case Mgmt. of the Judicial Conf., *Interim Guidance for Cooperator Information* (June 30, 2016). As the *Doe* court observed, however, the 2016 Interim Guidance "correctly recogniz[ed] that a presumption of closure for all court filings would not be consistent with [Ninth Circuit] case law." *Doe*, 870 F.3d at 1002.

After *Doe*, in December 2017, the Judicial Conference's Advisory Committee on Criminal Rules refused to advance proposed rules that would implement the 2016 Interim Guidance. Among other concerns, some members "opposed a solution based on secrecy in judicial proceedings, and described the CACM amendments as shifting from the current culture of transparency to a culture of secrecy." Advisory Comm.

on Crim. Rules, *Report of the Advisory Comm. on Crim. Rules* (Dec. 8, 2017), *in* Comm. on Rules of Practice & Procedure at 122 (Jan. 4, 2018).

At the same time, the Administrative Office of the United States Courts established a Task Force on Protecting Cooperators. The Administrative Office published the Task Force's final report and recommendations in 2020. Admin. Office of the U.S. Courts, *Memorandum Regarding Final Report of the Task Force on Protecting Cooperators* (Mar. 18, 2020). Unlike the automatic sealing proposal in the 2016 Interim Guidance, the Task Force recommended changes that "would restore a degree of practical obscurity to sensitive criminal case records, making the fact of a defendant's cooperation less obvious while not unduly restricting public access." Specifically, the it recommended removing public PACER access to plea and sentencing records. Task Force on Protecting Cooperators, *Final Report of the Task Force on Protecting Cooperators* at 10-15 (Aug. 2018). A member of the public would be required to visit the courthouse public terminals to review plea or sentencing records. *Id.* Because its proposal involved technical, not procedural, changes, the Task Force concluded that no rule amendments would be required. *Id.* at 20.

USDC Hawai`i could have adopted rules with some variation of the 2016 Interim Guidance or adopted the technical solutions identified by the Task Force, "as long as district courts decide motions to seal or redact on a case-by-case basis." *Doe*, 870 F.3d at 1002. But the automatic sealing of every cooperator-related sentencing filing without that case-by-case review is not consistent with this Court's precedent. *Id.* Not every defendant providing substantial assistance is cooperating against a large international drug cartel that has threatened the defendant and his family, with the Government acknowledging that "a meaningful risk of harm exists" from disclosure of the defendant's cooperation. *Compare id.* at 994-95, *with, e.g.*, *United States v. Sellers*, No. 19-CR-3, Dkt. 12 (5K1.1 motion for police officer who cooperated and testified in public corruption prosecution).

No obvious compelling interest justifies universal sealing of all sentencing filings regarding defendant cooperation. And alternatives to possible limited concerns exist—*e.g.*, case-by-case review, redacting particularly sensitive information, or providing access only in the courthouse (not through PACER). By automatically sealing cooperator-related sentencing filings without any notice, opportunity for the public to object, or judicial findings to justify the sealing or consider alternatives,

Criminal Local Rule 5.2(a)(9) is clearly erroneous as a matter of law and inconsistent with principles of right and justice.

## CONCLUSION

Based on the foregoing, the Law Center respectfully requests that that the Court invalidate the portions of the new USDC Hawai`i Criminal Local Rule 5.2 that require automatic filing under seal for all sentencing statements, (a)(2); competency evaluations, (a)(8); and sentencing filings regarding a criminal defendant's cooperation, (a)(9).

DATED: Honolulu, Hawai`i, January 31, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Petitioner

## CERTIFICATE OF COMPLIANCE WITH WORD COUNT

I am the attorney for Petitioner Civil Beat Law Center for the Public Interest, Inc. This petition contains 7,252 words, including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 21(a)(2)(C) and FRAP 32(f). The petition's type size and typeface comply with FRAP 32(a)(5) and (6). I certify that this petition complies with the word limit of Cir. R. 21-2(c) and Cir. R. 32-3(2).

DATED: Honolulu, Hawai`i, January 31, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Petitioner

## STATEMENT OF RELATED CASES

I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this care are:

- *Civil Beat Law Center for the Public Interest, Inc. v. Maile*, No. 23-15108, raises the closely related issue of a Hawai`i state court rule that has been interpreted to require automatic sealing of, among other things, competency evaluations in criminal cases.

DATED: Honolulu, Hawai`i, January 31, 2023

/s/ Robert Brian Black
ROBERT BRIAN BLACK
Attorney for Petitioner

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
Dec 16, 2022, 9:52 am
John A. Mannle, Clerk of Court

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| IN THE MATTER OF THE AMENDMENT OF THE LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII | ORDER AMENDING THE LOCAL RULES OF PRACTICE FOR THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF HAWAII |

IT IS HEREBY ORDERED that Chapter II of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Criminal Local Rules") is amended, effective January 1, 2023, as attached to this order. All previous Criminal Local Rules adopted by the court are superseded by these Criminal Local Rules, except to the extent ordered by the court in an individual case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 16, 2022.

Derrick K. Watson
Chief United States District Judge

Leslie E. Kobayashi
United States District Judge

J. Michael Seabright
United States District Judge

Jill A. Otake
United States District Judge

**Table of Contents** **Page**


CrimLR2.1. Criminal Scheduling Order ........ 1
(a) Criminal Scheduling Order ........ 1
(b) Proposed Trial Dates and Continuances ........ 1
(c) Complex Case ........ 2
(d) Trial Date Under the Speedy Trial Act ........ 2

CrimLR2.2. Special Rules Regarding Motions to Continue in Multi-Defendant Cases. ........ 3

CrimLR2.3. Trial Conference Before the District Judge ........ 3
(a) Trial Conference ........ 3
(b) Joint Trial Presentation Statement ........ 4

CrimLR5.1. Arrest by Federal Agencies ........ 4

CrimLR5.2. Sealing of Information Filed with the Court ........ 5
(a) Leave of Court Required ........ 5
(b) Motions to File Under Seal ........ 6
(1) Requirements ........ 6
(2) Response ........ 7
(3) Public Record ........ 7
(4) Unsealing ........ 7
(5) Reference to Sealed Material During a Hearing ........ 8

CrimLR5.3. Sealing of Hearings. ........ 8

CrimLR6.2. Extending or Shortening Time. ........ 8

CrimLR7.9. Telephone Appearances. ........ 8

CrimLR7.10. Ex Parte Applications and Motions ........ 9

CrimLR10.2. Form of Documents Presented for Filing ........ 9
(a) Form of Documents ........ 9
(b) Identification of Person Filing a Document ........ 9
(c) Caption, Case Numbers, and Title ........ 10
(d) Exhibits, Declarations, and Affidavits ........ 10

(e) Signatures on Declarations and Affidavits .................... 11
(f) In Camera Submissions................................................ 11
(g) Effect of Non-Compliance ............................................ 11

CrimLR10.3. Mandatory Chambers Copies. ................................................ 12
(a) When Required ............................................................ 12
(b) Format ........................................................................ 12
(c) Timing ......................................................................... 12

CrimLR10.5. Form of Stipulations ................................................................ 13

CrimLR11.1. Sanctions and Penalties for Non-Compliance with the Criminal Local Rules ............................................................... 13

CrimLR12.1. Hearings on Non-Discovery Pretrial Motions ......................... 13

CrimLR12.2. Motions and Supporting Documents ........................................ 13
(a) Timing ......................................................................... 13
(1) Standard Motions ................................................ 14
(2) Expedited Motions .............................................. 14
(b) Briefing Requirements .................................................. 14
(c) Non-opposition ............................................................. 14
(d) Motions Before Magistrate Judges ............................... 14

CrimLR12.3. Supplemental Authorities ......................................................... 15

CrimLR12.4. Joinders ...................................................................................... 15

CrimLR12.5. Proceedings Under Advisement by the Court .......................... 15

CrimLR16. Discovery and Inspection ....................................................... 16
(a) Government's Discovery Obligations ........................... 16
(b) Discovery Presumed to be Requested by Defendant ..... 17
(c) Discovery Conference ................................................... 17
(d) Discovery from Defendant ............................................ 18
(e) Continuing Duty to Disclose ......................................... 18
(f) Motion to Compel Discovery or Disclosure .................. 18
(g) Sanctions for Failure to Comply ................................... 19
(1) Against a Party .................................................... 19

|  |  |  |  |
|---|---|---|---|
|  |  | (2) Against an Attorney for a Party | 19 |
|  | (h) | Other Disclosures and Requirements | 19 |
| CrimLR16.6. | Motions in Limine |  | 20 |
| CrimLR16.7. | Status Conferences |  | 20 |
| CrimLR17.1. | Pretrial Orders |  | 20 |
| CrimLR30.1. | Jury Instructions |  | 21 |
| CrimLR32.1. | Plea Procedure |  | 23 |
|  | (c) | Standard Plea Agreements | 23 |
|  | (d) | Guilty Pleas Without a Plea Agreement | 23 |
| CrimLR32.2. | Sentencing Procedure |  | 24 |
|  | (a) | Definitions | 24 |
|  | (b) | Presentence Investigation Reports (Presentence Reports) | 24 |
|  | (c) | Government Motions | 25 |
|  | (d) | Request for Evidentiary Hearing | 25 |
|  | (e) | Sentencing Memoranda | 26 |
|  | (f) | Other Sentencing Submissions | 26 |
|  | (g) | Sentencing Hearing | 26 |
|  | (h) | Expedited Sentencing Procedure | 26 |
| CrimLR40.2. | Assignment of Similar Cases: Notice of Related Case |  | 27 |
| CrimLR44.1. | Criminal Justice Act of 1964 Plan |  | 27 |
| CrimLR44.2. | Right to and Appointment of Counsel |  | 27 |
| CrimLR44.3. | Pro Se Participation, Substitutions, and Withdrawal of Counsel |  | 29 |
|  | (a) | Pro Se Participation | 29 |
|  | (b) | Substitution and Withdrawal | 29 |
| CrimLR44.4. | Appointment of Counsel for Misdemeanor of Petty Offenses |  | 29 |

CrimLR46.1. Appearance Bond ........ 30

CrimLR46.2. Posting Security ........ 30

CrimLR46.3. Types of Bonds in Criminal Cases ........ 30
(a) Surety Bonds ........ 30
(b) Property Bonds ........ 30

CrimLR46.4. Filings Relating to Release or Pretrial Detention of a Defendant ........ 31

CrimLR47.1. Research on Jurors or Prospective Jurors ........ 31

CrimLR57.1. Duties of Magistrate Judges ........ 32

CrimLR57.2. Assignment of Criminal Matters to Magistrate Judge ........ 33
(a) Duty Magistrate Judge ........ 33
(b) Assigned Magistrate Judge in Certain Cases ........ 34

CrimLR57.3. Magistrate Judges; Non-Dispositive Pretrial Matters ........ 34
(a) Orders by the Magistrate Judge ........ 34
(b) Appeals from a Magistrate Judge's Decision on Non-Dispositive Matters ........ 34

CrimLR57.4. Magistrate Judges; Dispositive Pretrial Motions ........ 35
(a) Findings and Recommendations by the Magistrate Judge ........ 35
(b) Objections to Reports and Recommendations in Dispositive Matters ........ 35

CrimLR57.6. Expedited Appeals from Magistrate Judge Rulings ........ 35

CrimLR57.7. Motions for Reconsideration or Appeal from Detention or Release Orders ........ 36

CrimLR58.1. Magistrate Judges; Disposition of Misdemeanor Cases – 18 U.S.C. §3401 ........ 37

CrimLR58.2. Trial of Misdemeanor Offenses ............................................ 37

CrimLR58.3. Appeal from Misdemeanor Conviction by Magistrate Judge .................................................................. 37
(a) Notice of Appeal ........................................................ 37
(b) Record ........................................................................ 38
(c) Assignment to a District Judge .................................... 38
(d) Abbreviated Appeals .................................................... 38
(e) Briefs .......................................................................... 38
(f) Notice of Hearing ........................................................ 38

CrimLR59.1. Counsel-Prepared Orders of Court Rulings ............................ 39

CrimLR60.1. Motions for Reconsideration .................................................. 39

CrimLR77.2. Clerk's Office: Location and Hours ........................................ 39

CrimLR77.3. Ninth Circuit Court Library: Operation and Use ..................... 40

CrimLR79.1. Custody and Disposition of Files and Exhibits ....................... 40

CrimLR79.2. Search Warrants, Orders, on Pen Registers, Orders on Trap and Trace Devices, and Mobile Tracking Device Warrants ........... 40

CrimLR81.1. Self-Represented Defendants ................................................. 41
(a) Self-Represented Defendants ....................................... 41
(b) Entities Other than Individuals .................................... 41
(c) Filing and Service by Self-Represented Defendants ..... 41
(d) Application of Three-Day Mailing Rule ....................... 42
(e) Ex Parte Communications ............................................ 42

CrimLR83.1. Attorneys: Admission to the Bar of this Court; Change of Address ................................................................ 42
(a) Eligibility for Membership .......................................... 42
(b) Admission to the Bar ................................................... 42
(c) Permission to Practice Before the Court ....................... 43
(1) Attorneys for the United States .......................... 43
(2) Attorneys Admitted Pro Hac Vice for a Particular Case ................................................... 43

(A) Eligibility .................................................. 43
(B) Application ............................................... 43
(C) Fee............................................................. 45
(D) Ruling on Application................................ 45
(d) Notice of Change of Status .......................................... 45
(e) Change of Address or Contact Information.................. 45
(1) Address Changes ............................................... 46
(2) Sanctions for Failure to Notify ........................... 46

CrimLR83.2. Attorneys: Practice in this Court ............................................ 46

CrimLR83.3. Attorneys: Standard of Professional Conduct.......................... 47

CrimLR83.4. Attorneys: Discipline.............................................................. 47

CrimLR84.1. Supervised Student Practice of Law ....................................... 48
(a) Definitions................................................................... 48
(b) Qualification Procedures for Law Student Interns ........ 49
(c) Duration of Law Student Intern Authorization............. 49
(d) Activities of Law Student Interns ................................. 50
(e) Supervision of Law Student Practice............................ 50
(f) Law Students Employed by the United States Attorney and the Federal Public Defender .................... 51
(g) Miscellaneous.............................................................. 51

CrimLR85.1. Habeas Proceedings................................................................ 51

# CHAPTER II - CRIMINAL RULES

## CrimLR2.1. Criminal Scheduling Order.

### (a) Criminal Scheduling Order.

On or about the day of arraignment, the magistrate judge shall enter a Criminal Scheduling Order in all felony criminal cases.

A Criminal Scheduling Order promotes the policy underlying Fed. R. Crim. P. Rule 2 to provide just determination, simplicity, fairness in administration, and eliminate unjustifiable expense and delay. The Criminal Scheduling Order also will initiate self-executing discovery procedures, provide a case with an appropriate trial date and deadlines, facilitate effective assistance of counsel, and reduce other expenses and delays.

Counsel must prepare diligently for trial in a criminal case. Counsel are discouraged, absent good cause shown, from seeking multiple continuances of a trial.

### (b) Proposed Trial Dates and Continuances.

The court seeks to set a realistic trial date as soon as practicable in criminal cases:

**(1)** **Before or during arraignment**: counsel may jointly propose an alternative trial date to be reflected in the Criminal Scheduling Order, instead of a trial date under the Speedy Trial Act and related deadlines reflected in Subsection (d).

**(2)** **After arraignment**: counsel may stipulate to request a new trial date and, if approved by the district judge, the new trial date and related deadlines will be reflected in an Amended Criminal Scheduling Order.

**(3)** If counsel propose an alternative trial date or seek to continue a current trial date, they are encouraged to work with the district judge's staff or the duty magistrate judge. Once approved by the district judge, the trial date

and related deadlines in the case shall be reflected in a Criminal Scheduling Order or an Amended Criminal Scheduling Order.

The parties shall submit any stipulation to continue the trial date to the district judge. A stipulation to continue trial will include: a new trial date and related deadlines as approved by the district judge's staff or the duty magistrate judge and, if necessary, an accompanying exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161. The district judge has the discretion to require a motion rather than a stipulation.

**(4)** The court will set the related dates and deadlines for a Rule 16.1 Discovery Conference, motions and responses, joint pretrial statement, and any conferences before the duty magistrate judge or the district judge.

When the court sets a trial date further out from arraignment than the ordinary course, it may afford lengthier periods between the motions, response deadlines, and the trial date.

**(c) Complex Case.**

The government may file any motions to declare a case complex before arraignment so that the Criminal Scheduling Order can reflect dates and deadlines aligned with the case's complexity and an accompanying exclusion of time under the Speedy Trial Act, 18 U.S.C. § 3161.

If the government files a motion to declare a case complex and the court declares the case complex after arraignment, then the court will enter an Amended Criminal Scheduling Order.

**(d) Trial Date Under the Speedy Trial Act.**

Unless an alternative trial date is proposed by the parties and approved by the court under Subsections (b) or (c), the Criminal Scheduling Order will reflect a trial date consistent with the Speedy Trial Act, 18 U.S.C. § 3161.

A trial date under this Subsection shall also include related dates and deadlines as set forth below:

**(1) Discovery Conference**. On or about 14 days after arraignment, the parties shall have a Rule 16.1 Discovery Conference.

**(2) Motions.** On a date approximately six weeks prior to trial, the parties must file any dispositive or otherwise substantive motions, other than motions in limine.

**(3) Responses.** On a date approximately one week after any motions are filed, responses are due.

**CrimLR2.2. Special Rules Regarding Motions to Continue in Multi-Defendant Cases.**

Where the parties in a multi-defendant case cannot agree to a continuance of trial, a motion to continue shall be filed and each party shall indicate its position in writing no later than three (3) business days after the filing of the motion to continue, or no later than 12:00 p.m. on the working day prior to the hearing if a hearing is scheduled, whichever is earlier.

**CrimLR2.3. Trial Conference Before the District Judge.**

As part of the Criminal Scheduling Order in CrimLR2.1 or thereafter, the court will set a trial conference before the district judge presiding at trial.

**(a) Trial Conference.**

The trial conference before the district judge marks the beginning of the court's earnest preparation for a trial. The district judge will conduct the trial conference several weeks prior to the trial, and the timing may vary depending on the judge.

The parties are expected to engage in plea negotiations well in advance of this trial conference. If Defendant opts to plead guilty, with or without a plea agreement, the parties should contact the court prior to the trial conference in this Subsection to set a change of plea hearing with the court. If the parties opt to proceed to trial, then

the district judge will set trial-related dates and deadlines at the trial conference in this Subsection, including but not limited to, deadlines associated with the submission of proposed jury instructions, proposed verdict forms, proposed voir dire questions, notice under Fed. R. Evid. 404(b), motions in limine, responses, witness lists, and exhibit lists.

**(b) Joint Trial Presentation Statement.**

No less than one week prior to the trial conference before the district judge under Subsection (a), the parties shall meet and confer then file a Joint Trial Presentation Statement including the following information:

(1) estimate of trial presentation days for each party;

(2) any outstanding discovery matters;

(3) anticipated number of government and defense witnesses;

(4) need for interpreters for witnesses;

(5) anticipated number of government and defense exhibits;

(6) whether any exhibits are of a sensitive nature (for example, images of child pornography, physical contraband evidence, etc.);

(7) anticipated use of technology and whether the parties will require court assistance;

(8) brief description of any unusual legal or logistical issues; and

(9) any other information ordered by the court.

**CrimLR5.1. Arrest by Federal Agencies.**

It shall be the duty of all federal agencies who arrest a federal defendant in this district to give prompt notice of the arrest to the U.S. Probation and Pretrial Services Office, who will then notify the duty magistrate judge.

The federal agency shall also inform the U.S. Probation and Pretrial Services Office whether the person is already represented by counsel or should be given the opportunity to meet with a court-appointed attorney prior to his or her initial appearance.

**CrimLR5.2. Sealing of Information Filed with the Court.**

**(a) Leave of Court Required.** Parties may not file pleadings, memoranda, declarations, affidavits, or exhibits under seal without leave of court unless: (1) the case is sealed; or (2) filing under seal is otherwise required by state or federal law, these Criminal Local Rules, or an order already entered in the case. A stipulation or blanket protective order that allows a party to designate matters to be filed under seal will not suffice to allow the filing of the matter under seal.

The following documents shall be filed under seal automatically:

(1) unexecuted summonses or warrants, supporting applications, and affidavits;

(2) Presentence Investigation Reports (including drafts) and Sentencing Statements outlining objections or corrections to them;

(3) Statements of Reasons in the judgment of conviction;

(4) juvenile records;

(5) documents containing identifying information about jurors or potential jurors;

(6) financial affidavits filed in seeking representation pursuant to the Criminal Justice Act;

(7) ex parte requests for authorization of investigative, expert, or other services pursuant to the Criminal Justice Act;

(8) competency evaluations;

(9) filings setting forth the substantial assistance of Defendant in the investigation or prosecution of another person pursuant to U.S. Sentencing Guidelines § 5K1.1, Fed. R. Crim. P. 35, or 18 U.S.C. § 3553(e);

(10) motions for writs to produce incarcerated witnesses for testimony; and

(11) motions for subpoenas.

In all other filings, the parties shall redact sealed information obtained from one of the foregoing or rely on the public record. Mere reference to any of the foregoing does not entitle a party to submit an entire filing under seal.

**(b) Motions to File Under Seal.** Parties may move to file under seal any pleading, memorandum, declaration, affidavit, exhibit, or other matter if it contains confidential, classified, restricted, or graphic information or images.

**(1) Requirements.**

(A) A motion to file under seal must:

(i) be filed in the public record of the case;

(ii) set forth the factual basis for sealing the filing without disclosing confidential information; and

(iii) specify the applicable standard for sealing the information and discuss how that standard has been met.

(B) The motion need not be filed in the public record when doing so would endanger the safety of Defendant or a witness. However, if the court reviews the motion and does not believe the motion meets this criteria, the court may unseal the motion.

(C) Redacted versions of the filings that are the subject of the motion must be concurrently filed; if it is not feasible to do so, the

movant must provide an explanation and a placeholder shall be filed as a substitute.

(D) Concurrently with the filing of the motion, the movant must submit a proposed form of order.

(E) The moving party must provide chambers with:

(i) copies of the sealed filings in sealed envelopes with a copy of the title page attached to the front of each envelope and a prominent legend indicating that the envelope contains a proposed sealed filing; and

(ii) an editable, electronic version of the proposed order. A list of chambers' email addresses is available on the court's website.

**(2) Response.** Any opposition is due no later than seven (7) days after the filing of the motion. If the court denies the motion, the movant shall inform the court within four (4) days whether it wants to withdraw the document or have it filed publicly. If the court does not receive such notification within four (4) days, the document will be returned to the movant.

**(3) Public Record.** If a party wishes to file in the public record a pleading, declaration, affidavit, exhibit, or other matter that has been designated as confidential by another party pursuant to a protective order, or if a party wishes to refer in a memorandum or other filing to information so designated by another party, that party must move to file the matter publicly or obtain an appropriate stipulation. The movant shall file and serve a copy of the pleading, declaration, affidavit, exhibit, or other matter and submit a proposed form of order in the same manner as provided in Subsection (1)(E).

Within seven (7) days after the motion to file a matter publicly is filed, any party may oppose the motion and seek to have all or part of the matter sealed. The matter may not be publicly filed until the court issues an order.

**(4) Unsealing.** If the court determines at any time that any pleading, memorandum, declaration, affidavit, exhibit, or other matter has been

improperly sealed or no longer needs to be sealed, the court may order its unsealing or take other appropriate action, including issuing sanctions against the party or the party's attorney responsible for the sealing.

**(5) Reference to Sealed Material During a Hearing.** Counsel and parties at any hearing that involves sealed material shall argue, to the extent practicable, the merits and the underlying facts of the motion or matter without specifically discussing the sealed material in order to allow public access to court proceedings to the fullest extent possible.

**CrimLR5.3. Sealing of Hearings.**

The court has discretion to determine the extent to which a hearing should be sealed. Some hearings, or a portion of these hearings, may be sealed by the court without formal written motion such as motions to withdraw and motions for new counsel.

(a) Any party may move to seal a hearing. A motion to seal a hearing must: be filed in the public record of the case; set forth the factual basis for the sealing without disclosing confidential information; specify the applicable standard for sealing the hearing and discuss how that standard has been met; and describe the extent of the requested sealing.

(b) Motions to seal must be filed no later than five (5) days prior to the scheduled hearing. No later than three (3) days after the filing of a motion to seal a hearing, any person may file an opposition.

**CrimLR6.2. Extending or Shortening Time.**

All stipulations or applications to extend or shorten time shall indicate on the first page the sequential number of such request, e.g., "Second Stipulation to Extend Time." The request shall state the total amount of time previously obtained by extension or shortening and the reason for the request.

**CrimLR7.9. Telephone Appearances.**

Counsel seeking to appear at a motion hearing by telephone must make a request by letter to the court, with copies to all parties, as far in advance of the hearing as practicable. The letter shall include the telephone number at which counsel will be available and shall include the position of all other counsel regarding the request. Whether such an appearance will be considered, what procedural requirements will be imposed, and the type of relief granted are within the sole discretion of the court. Telephone appearances by cellular telephone are discouraged.

**CrimLR7.10. Ex Parte Applications and Motions.**

Any application or motion filed on an ex parte basis must include a declaration that states why a regular motion could not be submitted and sets forth the positions of other parties with respect to the request, if applicable and/or known.

**CrimLR10.2. Form of Documents Presented for Filing.**

**(a) Form of Documents.**

(1) All documents presented for filing shall be unbound on white opaque paper of good quality, eight and one-half (8 1/2) inches by eleven (11) inches in size, with one (1) inch margins, and shall be flat, unfolded (except when necessary for the presentation of exhibits), without back or cover, and shall comply with all other applicable provisions of the Criminal Local Rules.

(2) All memoranda, including footnotes, shall utilize Times New Roman in 14-point font, Century Schoolbook in 12-point font, or Century in 12-point font, except that italics, underlining, or boldface may be used for emphasis.

(3) All documents shall be clearly legible with text appearing on one side of each sheet only.

(4) All documents shall be double-spaced except for the identification of counsel, title of the case, footnotes, quotations, and exhibits.

**(b) Identification of Person Filing a Document.**

The name, Hawaii bar identification number, address, telephone number, and email address of counsel (or, if pro se, of the party), and the specific identification of each party represented by name and interest in the litigation (e.g., plaintiff, defendant, etc.) shall appear in the upper left corner of the first page of each document presented for filing, except that in multi-party actions or proceedings, reference may be made to the signature page for the complete list of parties represented.

**(c) Caption, Case Numbers, and Title.**

Following the identification of the person filing the document, there shall appear:

(1) the title of the court;

(2) the title of the action or proceeding;

(3) the case number of the action or proceeding, followed by the initials of the judge(s) to whom it is currently assigned;

(4) a title describing the document; and

(5) any other matter required by the Local Rules.

**(d) Exhibits, Declarations, and Affidavits.**

Original documents and Mandatory Chambers Copies (see CrimLR10.3) of exhibits, declarations, and affidavits shall have appropriately labeled tabs. All exhibits attached to documents shall show the exhibit number or letter at the bottom of the first page of the exhibit. Exhibits, declarations, and affidavits shall not contain cover sheets in lieu of tabs.

To the extent possible, parties should refrain from submitting multiple copies of the same exhibit.

Exhibits may be copies but must be clearly legible and not unnecessarily voluminous. Unless otherwise authorized by the court or necessary for the presentation of exhibits, all exhibits shall be printed on one side only and shall be

on white opaque paper of good quality, eight and one-half (8½) inches by eleven (11) inches. Counsel are required to reduce oversized exhibits to eight and one-half (8½) inches by eleven (11) inches unless such reduction would destroy legibility or authenticity. An oversized exhibit that cannot be reduced shall be filed separately with a captioned cover sheet, identifying the exhibit and the document(s) to which it relates. Such oversized exhibits may, at the discretion of the clerk, be kept out of the electronic docket, but will be retained by the court.

Non-paper physical exhibits shall not be attached to any document. A non-paper physical exhibit shall be placed in a secure container labeled with the case name, case number, and the name, address, and telephone number of the submitting party; and submitted to the court with a separately filed notice. The notice shall include a description of the exhibit and an explanation for why it is not possible to attach the exhibit to the document to which it relates. Unless the filer is exempted from electronic filing, the notice shall be filed electronically. The exhibit, the notice, and the applicable Notice of Electronic Filing (NEF) shall be presented to the clerk's office.

Exhibits that are audio or video recordings may be submitted on a CD, DVD, or thumbdrive contained in a sleeve attached to an exhibit page. Any passwords required to access the audio or video recordings must be listed on the exhibit page. Parties submitting such exhibits shall electronically file the exhibit page which shall read "PHYSICAL [CD/DVD/THUMBDRIVE] PROVIDED TO COURT."

**(e) Signatures on Declarations and Affidavits.**

Declarations and affidavits may be submitted with electronic signatures. The party and/or attorney must maintain the declaration or affidavit with the original signature.

**(f) In Camera Submissions.**

Documents submitted for in camera inspection shall have a captioned cover sheet that indicates the document is being submitted in camera and shall include an envelope large enough for the in camera documents to be sealed without being folded.

**(g) Effect of Non-Compliance.**

In the event a party fails to comply with the rule on the form of documents, the court may order the prompt refiling of the document in proper form or strike the offending document.

**CrimLR10.3. Mandatory Chambers Copies.**

**(a) When Required.**

Except for prisoners proceeding pro se, two (2) Mandatory Chambers Copies are required of the following: informations; indictments and superseding indictments; any document pertaining to a request for court action, including motions, appeals, and petitions, and any opposition to and reply in support, as well as exhibits, declarations, and affidavits in any way related to the request for court action; Final Pretrial Conference Statements; and trial briefs.

Mandatory Chambers Copies of the following are not required: appearances of counsel, certificates of service, routine discovery (including disclosures, expert reports, etc.), and returns of service.

**(b) Format.**

(1) All Mandatory Chambers Copies shall indicate which judge should receive the copies.

(2) Mandatory Chambers Copies must comply with all Local Rule requirements, including the tabbing of exhibits and declarations or affidavits.

(3) If a document has been filed electronically, the Mandatory Chambers Copies should consist of a printout of the filed document, showing the ECF header containing the filing information.

(4) Mandatory Chambers Copies shall be held together with a single staple in the upper left corner. In lieu of a staple, rubber bands or binder clips are acceptable. Metal prongs and fasteners are not allowed. Voluminous filings should be organized in binders.

**(c) Timing.**

(1) If a document is filed in hard copy, the Mandatory Chambers

Copies must be submitted at the time the original document is filed.

(2) Mandatory Chambers Copies of electronically filed documents may be mailed to the clerk's office if they are mailed from anywhere in Hawaii no later than the business day following the date the document was filed.

(3) If a document concerns an imminent or expedited proceeding, Mandatory Chambers Copies shall be delivered as soon as possible after filing.

**CrimLR10.5. Form of Stipulations.**

A stipulation requiring approval of the court shall contain the words "APPROVED AND SO ORDERED," and a designated signature line for the judge. The caption and title of the document must appear on the signature page. Stipulations must comply with CrimLR6.2, if applicable. Proposed stipulations may be sent by email to the appropriate judge's Orders inbox via the email addresses available on the court's website.

**CrimLR11.1. Sanctions and Penalties for Non-Compliance with the Criminal Local Rules.**

Failure of counsel or a party to comply with any provision of the Criminal Local Rules is a ground for imposition of appropriate sanctions, including a fine or dismissal. Sanctions may be imposed by the court sua sponte consistent with applicable law.

**CrimLR12.1. Hearings on Non-Discovery Pretrial Motions.**

Dispositive motions shall be heard by a district judge and non-dispositive matters shall be heard by a magistrate judge, except as otherwise provided or unless otherwise ordered by a district judge.

**CrimLR12.2. Motions and Supporting Documents.**

**(a) Timing.**

**(1) Standard Motions.** The court may decide all matters, including motions and appeals, with or without a hearing unless a hearing is specifically required. The court may set a deadline for responses.

Otherwise, absent a showing of good cause, all motions and responses shall be filed by the deadlines set out in the Criminal Scheduling Order in CrimLR 2.1. Any motions for leave to continue a deadline, either to file a motion or respond to a motion, must be filed at least one (1) day prior to the deadline the requesting party seeks to continue.

Unless otherwise authorized or directed by the court, a reply shall not be filed. Motions for leave to file a reply must be filed within two (2) days after the filing of the response.

**(2) Expedited Motions.** The court will set briefing schedules and necessary hearings for motions that must be addressed on an expedited basis.

**(b) Briefing Requirements.** Motions, oppositions, appeals, and objections to magistrate judges' orders and responses thereto shall contain: the relevant facts, supported by declarations, legal authority, arguments, and the remedy sought. A party need not file a separate memorandum; one document per motion, opposition, appeal, objection, or response suffices.

Any opposition that is untimely filed may be disregarded by the court or stricken from the record.

Motions and oppositions fifteen (15) pages or longer shall include a table of contents and table of authorities.

**(c) Non-Opposition.** Any party not opposing a motion shall file a statement of no opposition within the time provided for responding to the motion.

**(d) Motions Before Magistrate Judges.** For many motions in a criminal case to be heard by magistrate judges, the hearing and briefing schedules set out in Subsection (a)(1)–(2) are not appropriate. Instead, the court will set a deadline for the response and a hearing date, if necessary, after such a motion is filed. The motions to be heard by a magistrate judge include but are not limited to motions to detain, motions for reconsideration of detention, motions related to modifying or adding

conditions of release, and motions to declare a case complex. The government's motion to detain is presumed to be opposed by Defendant, with or without a written opposition.

Other than the government's motion to detain, any opposing party shall file a written response by the deadline set by the court or, at the latest, by the day prior to the hearing.

**CrimLR12.3. Supplemental Authorities.**

If, after briefing on a motion is complete, a party intends to rely on authorities not previously offered to the court, that party may promptly file a Notice of Supplemental Authorities. The Notice of Supplemental Authorities shall list the additional authorities, including pinpoint citations, on which the party intends to rely and include a short parenthetical describing the proposition of law for which each authority is cited.

**CrimLR12.4. Joinders.**

Except with leave of court based upon a showing of good cause, any substantive joinder in a motion or opposition must be filed and served within three (3) days of the filing of the motion or opposition joined. If a party seeks the same relief sought by the movant for himself, herself, or itself, the joinder shall clearly indicate that.

A separate opposition may be filed in response to a substantive joinder in a motion or opposition, respectively. Joinders in motions must specifically identify the pending motion to which the joinder applies by docket number.

Unless otherwise ordered by the court, when an underlying motion is withdrawn, any joinders are also treated as withdrawn.

**CrimLR12.5. Proceedings Under Advisement by the Court.**

For purposes of 18 U.S.C. § 3161(h)(1)(H), a proceeding concerning Defendant is actually under advisement by the court on the latest of:

(a) The date that the last brief is timely filed;

(b) If an optional brief is not filed, the date the last optional brief would have been due pursuant to these local rules or order of the court;

(c) If the last brief is untimely filed, the later of:

(1) the date the last brief is untimely filed; or

(2) if the court announces a determination as to whether to consider the untimely filing or not, the date of that announcement; or

(d) If the court holds hearing(s), the date of the last hearing on the matter.

**CrimLR16. Discovery and Inspection.**

The court expects complete and efficient discovery in criminal cases consistent with applicable statutes, case law, and rules of the court.

Nothing in this rule should be construed as a limitation on the parties' discovery obligations and the court's authority to order additional discovery.

The parties are to expedite the transfer or inspection of discoverable material in criminal cases and honor the continuing obligation to do so with additional materials. The parties must ensure that pretrial discovery motions to the court are filed only when the discovery procedures outlined herein have failed to result in the exchange of all discoverable material.

**(a) Government's Discovery Obligations.**

The government shall provide Defendant the following as related to the charged case:

(1) all discovery required by Fed. R. Crim. P. 16(a);

(2) all exculpatory information under Brady v. Maryland, 373 U.S. 83 (1963), and its progeny;

(3) notice of, and information about, any identification proceeding, including photographs used in any

photograph line-up, show-up, or any other identification;

(4) any search warrants and supporting affidavits that resulted in the seizure of evidence that was obtained from or belongs to Defendant; and

(5) whether Defendant was the subject of any electronic eavesdrop, wiretap, or any other communications of wire or oral interception, as defined by 18 U.S.C. § 2510, et seq., in the course of the investigation of the case.

**(b) Discovery Presumed to be Requested by Defendant.**

Requests for discovery required by Fed. R. Crim. P. 16 are entered for Defendant by this rule so that Defendant need not make any further requests for such discovery.

If Defendant does not request discovery required under Subsection (16)(a), he or she shall file a notice to the government within five (5) days after arraignment. If such a notice is filed, the government is relieved of any discovery obligations to Defendant imposed by this rule including Fed. R. Crim. P. 16.

**(c) Discovery Conference.**

(1) At every arraignment at which Defendant enters a plea of not guilty, or other time as ordered by the court, the court will set a Rule 16.1 discovery conference no later than 14 days after the arraignment. See Fed. R. Crim. P. 16.1(a). This conference should be conducted in person, by videoconference, or telephone.

(2) During the conference, or as soon as practicable thereafter considering the size and complexity of the case, the parties should consider the manner of fair and efficient discovery in the criminal case. Topics for discussion may include, whether:

(A) there is likely to be additional discovery material or reciprocal discovery material to be provided, and, if so, the expected timing for the production of that discovery;

(B) there are likely to be affirmative defenses and the timing of those disclosures;

(C) the case can be resolved through plea negotiations and the appropriate timing for making and responding to plea offers;

(D) a scheduling order could be submitted to the court to reflect discovery agreements and to propose alternative deadlines for filings, including but not limited to: (i) pretrial motions; (ii) expert disclosures; and (iii) the early exchange of preliminary, non-binding exhibit lists and witness lists, to facilitate the efficient review of discovery and preparation for trial;

(E) the trial date set in the Criminal Scheduling Order is realistic and, if not, what a realistic date might be; and

(F) it would be beneficial to have a status conference in the case to address discovery, to include case budgeting through the Ninth Circuit.

**(d) Discovery from Defendant.**

Unless Defendant has declined discovery under Subsection (b), the defense shall comply with the requirements in Fed. R. Crim. P. 16(b) at or before the Rule 16.1 discovery conference if feasible or, alternatively, on a timetable agreed to by the parties or ordered by the court.

**(e) Continuing Duty to Disclose.**

If, prior to or during trial, a party discovers additional evidence or material previously requested or ordered, which is subject to discovery or inspection under this rule, the party shall promptly notify the other party or the court of the existence of the additional evidence or material.

**(f) Motion to Compel Discovery or Disclosure.**

All motions for disclosure or discovery shall contain a certification that the movant has complied with meet and confer requirements. A motion to compel disclosure or discovery shall be accompanied by a declaration by counsel which shall set forth:

(1) certification of full compliance with the Rule and the date of the conference held pursuant to Fed. R. Crim. P. 16.1(a);

(2) the name of the attorney for the government and defense counsel present at the conference;

(3) the matters which were agreed upon; and

(4) the matters which are in dispute and which require the determination of the court.

**(g) Sanctions for Failure to Comply.**

**(1) Against a Party.** If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with this rule, the court may order such party to permit the discovery or inspection, grant a continuance, prohibit the party from introducing evidence not disclosed, or may enter such order as it deems just under the circumstances.

**(2) Against an Attorney for a Party.** If at any time during the course of the proceedings it is brought to the attention of the court that an attorney for a party has unjustifiably failed to comply with this rule, which failure was after a specific request for compliance with this rule by opposing counsel specifically for the material which is the subject of non-compliance, in addition to the sanctions imposed against the party as provided above, the court may punish any such counsel or attorney with a fine. The imposition of such a fine is not to be deemed a finding of contempt.

**(h) Other Disclosures and Requirements.**

The assigned district judge may impose additional dates and deadlines in criminal cases for other disclosures and requirements between the parties under

applicable statutes, case law, and rules of the court other than Fed. R. Crim. P. 16. See CrimLR 2.3(a) (trial conference before the district judge). Other disclosures and requirements include witness lists, exhibit lists, witness statements, notice under Fed. R. Evid. 404(b), and statements of witnesses under the Jencks Act, 18 U.S.C. § 3500.

**CrimLR16.6. Motions in Limine.**

The caption to a motion in limine or response to a motion in limine should reflect both the general subject matter of the motion in limine and identify the motion by number, e.g., "Motion in Limine No. 1. re: Exclusion of Prior Bad Acts."

**CrimLR16.7. Status Conferences.**

Status conferences may be scheduled sua sponte or upon request of any party after consultation with all other parties. No status conference statement need be filed unless requested by the court.

**CrimLR17.1. Pretrial Orders.**

Prior to the trial conference before the district judge under CrimLR 2.3(a), the court may issue a pretrial order or orders relating to any or all of the following items, so far as practicable:

(a) date of production of statements or reports of witnesses under the Jencks Act, 18 U.S.C. § 3500;

(b) date of production of grand jury testimony of witnesses intended to be called at the trial;

(c) date of production of evidence favorable to Defendant on the issue of guilt or punishment, as required by Brady v. Maryland, 373 U.S. 83 (1963), and related authorities and impeachment material, cooperation agreements, plea agreements, promises of leniency, and records of criminal convictions, required by Giglio v. United States, 405 U.S. 150 (1972), and its progeny;

(d) stipulation of facts that may be deemed proved at the trial without further proof by either party;

(e) appointment by the court of interpreters under Fed. R. Crim. P. 28;

(f) dismissal of certain counts and elimination from the case of certain issues (e.g., insanity, alibi, and statute of limitations);

(g) severance of trial as to any co-defendant or counts, and joinder of any related cases;

(h) use or identification of informant, use of line-up or other identification procedures, use of evidence of prior convictions of Defendant or of any witness;

(i) pretrial resolution of objections to exhibits or testimony to be offered at trial;

(j) preparation of trial briefs on controversial points of law likely to arise at trial;

(k) scheduling of the trial and of witnesses;

(l) submission of jury instructions and voir dire jury questions;

(m) the government's intention to introduce evidence of other crimes, wrongs or acts under Fed. R. Evid. 404(b);

(n) whether there are percipient witnesses whom the government does not intend to call in its case-in-chief;

(o) date of exchange of the names of witnesses intended to be called to testify at trial in each respective case-in-chief; and

(p) date of exchange of lists of exhibits and copies of the documentary exhibits.

**CrimLR30.1. Jury Instructions.**

Unless otherwise ordered, jury instructions must be submitted consistent with the following:

(a) Prior to any conference with the court or meeting with counsel about jury instructions, the court encourages the parties to review the circuit's standard criminal jury instructions and other uniform jury instructions. A district judge also may have designated a set of standard jury instructions that can be found on the court's website under "Judges' Requirements." If so, the parties should reference and consider these instructions as well.

The parties must exchange proposed instructions, meet and confer about instructions, and submit agreed-upon and, if any, additional proposed jury instructions by the deadlines determined by the district judge. See CrimLR2.3 (trial conference before the district judge).

(b) By the deadlines set out by the district judge presiding at trial, the parties shall:

(1) serve their proposed instructions upon each other and meet and confer about the applicable jury instructions;

(2) submit one complete set of all agreed upon instructions to the court;

(3) if, in addition to the one set of agreed upon instructions, any party has proposed instructions, then they shall submit a separate set of proposed instructions on which agreement could not be reached; and

(4) file written objections to an opposing party's proposed jury instructions.

(c) Each instruction submitted to the court must: begin on a separate page, be numbered consecutively, and cite to a model or uniform jury instruction number, caselaw, statute, or rule.

(d) Any modifications of the Ninth Circuit Model Jury Instructions or any other form instructions must specifically identify the modification made and the authority supporting the modification.

(e) In addition to filing the instructions, the parties shall concurrently submit an electronic copy of their agreed upon and separately proposed instructions by e-mail to the court's Orders inbox, available on the court's website, in Microsoft Word format unless otherwise directed by the court.

(f) The district judge shall schedule a hearing to settle any disputed jury instructions.

**CrimLR32.1. Plea Procedure.**

**(a) Standard Plea Agreements.** When the parties agree to a guilty plea pursuant to a plea agreement, they must jointly submit the written plea agreement to the judge presiding over the plea hearing. The plea agreement must include:

(1) the terms of the plea agreement;

(2) the maximum penalties and any applicable mandatory minimum penalties;

(3) to the extent possible and in compliance with U.S. Sentencing Guidelines § 6B1.4, stipulations with respect to the applicable sentencing guidelines; and

(4) any agreement related to cooperation.

**(b) Guilty Pleas Without A Plea Agreement.** When Defendant wishes to enter a guilty plea without a plea agreement, the government shall submit a memorandum to the judge presiding over the plea hearing, no later than 12:00 p.m. on the working day prior to the scheduled hearing. At a minimum, this memorandum shall include:

(1) the counts to which Defendant is pleading guilty;

(2) the maximum penalties and any applicable mandatory minimum penalties;

(3) the elements of those counts; and

(4) an offer of proof of what the government expects it could prove at a trial.

**CrimLR32.2. Sentencing Procedure.**

**(a) Definitions.**

(1) A "Sentencing Statement" is a formal objection to the draft Presentence Report and shall include objections, if any, concerning factual information, sentencing guideline ranges and policy statements, and shall address how any objection affects the proposed guideline calculation.

(2) A "Sentencing Memorandum" is a party's written argument regarding the appropriate sentence.

(3) A party seeks a "departure" when it requests a sentence imposed outside of the applicable guideline range based on specific sentencing guidelines.

(4) A party seeks a "variance" when it requests a sentence imposed outside of the applicable guideline range based on statutory sentencing factors set forth in 18 U.S.C. § 3553(a).

**(b) Presentence Investigation Reports (Presentence Reports).**

A presentence investigation and report to the court will be conducted before the imposition of sentence, except as otherwise permitted by U.S. Sentencing Guidelines § 6A1.1. Defendant may only waive preparation of a presentence report with the court's permission. The probation officer shall report the facts disclosed by the presentence investigation in the presentence report, and the parties shall not be permitted to stipulate to the elimination of relevant facts from the report.

(1) To provide sufficient time for drafting and finalizing the presentence report, the sentencing date, except for good cause, shall be set not less than fourteen (14) weeks following an adjudication of guilt.

(2) No less than thirty-five (35) days prior to the sentencing date, the probation officer shall provide a copy of the draft presentence report to the parties. Defense counsel shall be responsible for disclosing the report to Defendant.

(3) Within fourteen (14) days after receiving the report or by a deadline designated by the probation officer, the parties must file their Sentencing Statement or their statement of no objection to the draft presentence report.

A copy shall be submitted to the U.S. Probation and Pretrial Services Office and served upon all other counsel. Upon receipt of any such objections, the probation officer shall conduct any further investigation and make any revisions to the presentence report that are deemed necessary.

(4) Not less than fourteen (14) days prior to the sentencing date, the final presentence report shall be submitted to the court and to all parties under seal and shall address any unresolved objections, the grounds for these objections, and the probation officer's comments on them.

**(c) Government Motions.** Not less than fourteen (14) days prior to the sentencing date, the government may file a motion pursuant to U.S. Sentencing Guidelines § 5K1.1 or 18 U.S.C. § 3553(e).

**(d) Request for Evidentiary Hearing.** Not less than ten (10) days prior to the sentencing date, any party seeking an evidentiary hearing must file a request for such hearing. The party seeking the evidentiary hearing shall include names of witnesses, lists of exhibits, and the expected duration of their presentation, if known. The opposing party shall respond seven (7) days prior to the sentencing date. If the opposing party intends to call witnesses in the event the request for evidentiary hearing is granted, that party shall file its own witness list, exhibit list, and statement of the expected duration of their presentation seven (7) days prior to the sentencing date.

**(e) Sentencing Memoranda.** Not less than five (5) days prior to the sentencing date, sentencing memoranda should be filed by: defense counsel responding to a motion filed under Subsection (c); any party seeking a variance from the applicable guideline range; or any party responding to objections raised in the Sentencing Statements.

Sentencing memoranda may contain confidential information that shall be filed in redacted form. This may include information about cooperation activity or confidential information derived from the presentence report or other material. Confidential information derived from the presentence report includes the following: juvenile criminal history, child protective services information, medical records, mental health records, records from substance abuse treatment providers, state benefits information, unemployment benefits information, worker's compensation information, military records, and child support records.

In instances where a redacted sentencing memorandum is filed, an unredacted version of the sentencing memorandum shall be filed under seal. Any document filed under seal pursuant to this rule shall include the following notation: "WARNING: This Document is Filed Under Seal Pursuant to CrimLR32.2." In all other instances, parties seeking to file a sentencing memorandum or attachments under seal must move to seal the memorandum or attachments.

**(f) Other Sentencing Submissions.** In addition to the requirements set forth in Subsection (e), anything submitted for the court's consideration (including letters of support) shall adhere to redaction rules under Fed. R. Crim. P. 49.1.

**(g) Sentencing Hearing.** The parties shall be prepared at the sentencing hearing to proceed with evidence and argument for the resolution of any remaining disputed matters upon which the court may rely. The parties should advise the court in advance if they intend for anyone other than the attorneys and Defendant to speak at the sentencing hearing.

**(h) Expedited Sentencing Procedure.** Where the parties agree at the time of plea that an expedited sentencing is warranted, the parties shall, within one (1) business day of the entry of the guilty plea, file a Joint Request for Expedited Sentencing, and serve the request on the probation officer. The request shall outline the anticipated guideline range, the approximate amount of time Defendant has

served, and any other reason that supports the request. It must also contain Defendant's waiver of any notice provisions outlined in Fed. R. Crim. P. 32(e).

Where a presiding judge grants the request for an expedited sentencing, the draft presentence report shall be issued no later than thirty (30) days after the change of plea. The parties shall file Sentencing Statements within three (3) days of receiving the draft presentence report. In such cases, final presentence reports shall be submitted no less than three (3) days prior to sentencing.

**CrimLR40.2. Assignment of Similar Cases: Notice of Related Case.**

When it appears that two or more pending or completed criminal proceedings filed in this district involve the same or substantially identical transactions, happenings, or events, or for any other reason said actions or proceedings could be more expeditiously handled if assigned to the same judge, the party with knowledge of the related case shall file a Notice of Related Case in each pending proceeding.

The Notice of Related Case must briefly describe why the actions or proceedings are related, including all facts that appear material to that determination, and must be served on all parties as soon as practicable. The court may, in its discretion, reassign any or all cases identified in a Notice of Related Case to a single judge, with a presumption that the cases will be assigned to the judge presiding over the case with the oldest case number. Reassignment may also occur sua sponte.

**CrimLR44.1. Criminal Justice Act of 1964 Plan.**

Appointment of counsel shall be made in accordance with the district's plan adopted pursuant to the Criminal Justice Act of 1964 (CJA Plan). Under the CJA Plan for the appointment of counsel, the Office of the Federal Public Defender or, if that office has a conflict of interest, an attorney serving on the district's panel of experienced criminal defense attorneys (CJA panel) will be contacted before the initial appearance.

**CrimLR44.2. Right to and Appointment of Counsel.**

Defendant in a criminal case alleging a felony or serious misdemeanor shall have the right to counsel.

Defendant will have counsel for all qualifying criminal proceedings. In felony and serious misdemeanor matters, Defendant will have counsel, retained or appointed, as early as the initial appearance and throughout the criminal case.

(a) Counsel shall consult with Defendant and submit a completed financial affidavit to the court before, during, or immediately following the initial appearance. Under penalty of perjury, Defendant shall swear to the accuracy of the information included.

(b) The court will review Defendant's financial affidavit, determine whether Defendant qualifies for appointment of counsel, and, if so, appoint counsel. The court may provisionally appoint counsel before a financial affidavit is submitted by Defendant through counsel.

(c) If Defendant seeks to retain counsel or does not qualify for court-appointed counsel, then the court will grant a reasonable continuance, not to exceed seven (7) days at any one time, of the next scheduled criminal hearing such as the arraignment or detention hearing. If Defendant fails for an unreasonable time to appear with his or her own counsel, the district judge or duty magistrate judge shall appoint counsel, subject to the applicable financial eligibility requirements.

(d) Defendant has the right to proceed in a criminal case without counsel. If Defendant elects to proceed without counsel, he or she shall sign and file a court-approved form of waiver of right to counsel. The court shall conduct an inquiry with Defendant about the decision to waive counsel and Defendant's ability to represent himself or herself in the criminal proceeding. After the appropriate colloquy with Defendant, the court may allow Defendant to proceed without counsel and forego the appointment of counsel.

(e) In an appropriate case, the district judge or a magistrate judge may nevertheless designate counsel to advise and assist Defendant who elects to proceed without counsel to the extent Defendant might thereafter desire. This appointment is referred to as "stand-by counsel." Appointment of stand-by counsel also is made in accordance with the CJA Plan.

(f) Defendant is not entitled to counsel in a 28 U.S.C. § 2255 proceeding, except as required by Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

## CrimLR44.3. Pro Se Participation, Substitutions, and Withdrawal of Counsel.

### (a) Pro Se Participation.

Defendant may represent himself or herself pro se. However, when Defendant is represented by an attorney, Defendant may not act on his or her own behalf in the action, including communicating with the court. The court may strike any document filed by Defendant on his or her own behalf when Defendant is represented by counsel in the action. The court may only hear from a represented defendant in limited circumstances, such as a motion to withdraw counsel.

### (b) Substitution and Withdrawal.

An attorney who has appeared on behalf of Defendant in a criminal case and thereafter desires to withdraw must provide notice to Defendant and file a motion to withdraw. To the extent possible, the motion must specify the reasons requiring withdrawal. Until the court enters an order finding that good cause exists and granting leave to withdraw, the attorney shall continue to represent Defendant until the case is dismissed, Defendant is acquitted, or, if convicted, the time for making post-trial motions and for filing notice of appeal, as specified in Fed. R. App. P. 4(b), has expired, and until counsel has satisfied the requirements of Fed. R. App. P. 3.

## CrimLR44.4. Appointment of Counsel for Misdemeanor and Petty Offenses.

The court must provide a court-appointed attorney to an indigent person who is charged with:

(a) A Class A misdemeanor (defined as any offense, including violations of state or local law charged under the Assimilated Crimes Act, that is punishable by a term of imprisonment of one year or less but more than six months);

(b) A petty offense (a Class B or C misdemeanor or an infraction for which a sentence of imprisonment is authorized, including violations of state or local law charged under the Assimilated Crimes Act).

If the court determines that no sentence of imprisonment will be imposed in the event of conviction, however, the court may provide a court-appointed attorney to an indigent person who is charged with a petty offense under federal, state, or local law, if it determines that the interest of justice so requires.

**CrimLR46.1. Appearance Bond.**

A person required to give bail shall execute the type of bond or promise to appear required by the judicial officer specifying the conditions thereof. The bond or promise to appear shall substantially conform in both form and content to the appropriate form approved by the court.

**CrimLR46.2. Posting Security.**

When the release of Defendant is conditioned upon the deposit of cash or other security with the court, such deposit shall be made with the clerk or the marshal, as authorized.

**CrimLR46.3. Types of Bonds in Criminal Cases.**

A person charged with a criminal offense in which a secured bond has been required may, in the discretion of the court, furnish in lieu of cash a commercial surety bond or a secured interest in real estate, which shall be referred to as a "property bond."

**(a) Surety Bonds.**

Surety bonds for the appearance of a person charged with a criminal offense shall require the execution of a bail bond or equivalent security as provided in LR65.2.

**(b) Property Bonds.**

For real property to qualify as adequate security:

(1) the real property, whether located within the State of Hawaii or a sister state, territory, or commonwealth, must have an equity value, after deducting the outstanding balance of any existing lien or encumbrance, in an amount not less than the principal amount of the bail set;

(2) the title owner of the property shall furnish a mortgage on the property in favor of the clerk and shall deliver to the court such mortgage note as security for the bond;

(3) prior to release of the person charged, the mortgage shall be recorded in the State of Hawaii Bureau of Conveyances or filed with the Registrar of the State Land Court. In the event that the property is located in a sister state, territory, or commonwealth, the mortgage or deed of trust shall be recorded in the designated office required by the law of such state, territory, or commonwealth, and evidence thereof shall be furnished to the court; and

(4) the value of the property must be established by evidence satisfactory to the court.

**CrimLR46.4. Filings Relating to Release or Pretrial Detention of a Defendant.**

Whenever a document relating to the release or detention of a pretrial defendant is filed with the court, a copy of the document shall be served on the U.S. Probation and Pretrial Services Office. This rule applies to, for example, motions to detain, motions for reconsideration of a release or detention order, and appeals of a magistrate judge's release or detention order.

**CrimLR47.1. Research on Jurors or Prospective Jurors.**

(a) Except as authorized by the court, attorneys, parties, witnesses, and their respective representatives may not initiate contact with any juror concerning any case in which that juror was summoned to appear.

(b) Attorneys may use websites available to the public, including social media websites, for juror or prospective juror research, provided:

(1) the attorney does not send an access request to a juror's social media accounts;

(2) no direct communication or contact occurs between the attorney and a juror or prospective juror as a result of the research,

including, but not limited to Facebook "friend" requests, Twitter or Instagram "follow" requests, LinkedIn "connections" requests, or other forms of internet and social media contact;

(3) social media research is done anonymously. A search on a social media site must not disclose to the juror or prospective juror the identity of the party who is making the inquiry; and

(4) deception is not used to gain access to any website or to obtain any information.

(c) Third parties working for the benefit of or on behalf of any attorney must comply with all the same restrictions as set forth above for attorneys.

(d) If an attorney becomes aware of a juror's case-related posting on the internet while the case remains pending in this court, the attorney shall report the posting to the court.

**CrimLR57.1. Duties of Magistrate Judges.**

In criminal cases, each magistrate judge shall exercise all the powers conferred or imposed by law and the Federal Rules of Criminal Procedure and may:

(a) exercise general supervision of criminal calendars when requested by a district judge;

(b) conduct arraignments, enter not guilty pleas, and schedule trial dates;

(c) receive grand jury returns in accordance with Fed. R. Crim. P. 6(f);

(d) conduct preliminary hearings, removal and necessary procedures leading to potential revocation of probation;

(e) preside over misdemeanor cases in accordance with these rules;

(f) issue subpoenas, writs of habeas corpus ad testificandum or ad prosequendum or other orders necessary to obtain the presence of parties, witnesses, or evidence needed for court proceedings, or to

obtain services sought by indigent defendants under the Criminal Justice Act, 18 U.S.C. § 3006A;

(g) order the exoneration or forfeiture of bonds;

(h) perform all functions specified in 18 U.S.C. §§ 4107, 4108, and 4109 regarding prisoner transfers;

(i) hear motions and enter non-dispositive orders relative to mental competency under 18 U.S.C. § 4241 et seq.;

(j) conduct all initial bail and detention proceedings pursuant to 18 U.S.C. § 3142 et seq.;

(k) conduct hearings on discovery motions and, when designated by the district judge, conduct hearings on any other pretrial motions;

(l) accept waivers of indictment, pursuant to Fed. R. Crim. P. 7(b);

(m) conduct change of plea proceedings when consented to by the parties; and

(n) perform any additional duty consistent with these rules and the Constitution and laws of the United States.

**CrimLR57.2. Assignment of Criminal Matters to Magistrate Judge**

**(a) Duty Magistrate Judge.**

The district assigns one magistrate judge to handle criminal matters on a rotating schedule (duty magistrate judge). Counsel may contact the clerk's office to determine which magistrate judge is on duty. Other than the process to designate a single magistrate judge in Subsection (b), counsel shall not intentionally use the court's duty schedule to gain an advantage in a criminal case, including delaying matters to appear before a different magistrate judge.

(1) The duty magistrate judge typically will preside over all non-emergency, pre-trial matters in a felony case, including but not limited to,

initial appearances, arraignments, detention hearings, preliminary hearings, and discovery disputes.

(2) A district judge may refer additional criminal proceedings to the duty magistrate judge for a report and recommendation, such as a change of plea hearing. For hearings referred by a district judge, the duty magistrate judge will preside over the hearing and discuss with Defendant: the referral, the report and recommendation, and that Defendant has 14 days to object to the court's report and recommendation under CrimLR57.4(b).

**(b) Assigned Magistrate Judge in Certain Cases.**

The court may assign a specific magistrate judge in certain criminal cases. The court may identify a case, or related cases, appropriate for an assigned magistrate judge based upon the following factors: the projected budget for counsel, experts, and other expenses; complexity including whether the case is formally determined to be "complex"; the frequency of preliminary matters to be handled by a magistrate judge; and, more generally, for efficiency and continuity.

**CrimLR57.3. Magistrate Judges; Non-Dispositive Pretrial Matters.**

**(a) Orders by the Magistrate Judge.**

Any non-dispositive pretrial matter may be referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Any party may move for reconsideration before the magistrate judge pursuant to CrimLR60.1. A reconsideration motion shall toll the time in which any appeal must be taken from the magistrate judge's order.

**(b) Appeals from a Magistrate Judge's Decision on Non-Dispositive Matters.**

Any party may appeal from any pretrial non-dispositive matter referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). Such an appeal shall be entitled "Appeal and Request to the District Court to Reconsider a Pretrial Matter Determined by the Magistrate Judge" and shall be filed within fourteen (14) days after being served with a copy of a written order or after the oral order is stated on the record, or at some other time the court sets. Appeals from detention and release

orders are governed by CrimLR57.7.

Briefing requirements and deadlines are governed by CrimLR12.2.

**CrimLR57.4. Magistrate Judges; Dispositive Pretrial Motions.**

**(a) Findings and Recommendations by the Magistrate Judge.**

All dispositive motions in criminal cases shall be heard by a district judge, unless specifically referred to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B). Any party may move for reconsideration before the magistrate judge pursuant to CrimLR60.1. A reconsideration motion shall toll the time in which objections from the magistrate judge's findings and recommendations must be filed and served.

**(b) Objections to Reports and Recommendations in Dispositive Matters.**

Any party who objects to any portion of a magistrate judge's findings and recommendations must serve and file written objections to such findings and recommendations within fourteen (14) days after being served with a copy of the recommended disposition.

Briefing requirements and deadlines are governed by CrimLR12.2.

**CrimLR57.6. Expedited Appeals from Magistrate Judge Rulings.**

With the exception of CrimLR57.7 governing expedited appeals of detention or release orders, any other provision of these rules notwithstanding, Defendant or the government may file a Notice of an Expedited Appeal to the district judge from any oral or written ruling of the magistrate judge. Such a notice shall bear the caption "Notice of Expedited Appeal" and shall be accompanied by a declaration of counsel setting forth the reasons that such an expedited appeal is necessary, together with proof of service on the opposing party.

Upon receipt of the notice, the district judge shall promptly determine whether an expedited appeal is justified. If so, the court shall, to the extent practicable, set an expedited briefing schedule, or order an immediate hearing of the appeal without briefs.

**CrimLR57.7. Motions for Reconsideration or Appeal from Detention or Release Orders.**

A party challenging a detention or release order may file a motion for reconsideration before the magistrate judge or an appeal to the district judge.

(a) Where the challenge to the order is based on new information that was not available to the parties or the magistrate judge at the detention hearing, the challenge should be raised in a motion for reconsideration, except as outlined in Subsection (f). The magistrate judge has the discretion to afford the opposing party an opportunity to respond to such motions. Any party not opposing a motion for reconsideration shall file a statement of no opposition.

(b) Defendant or the government may appeal an order of a magistrate judge detaining or releasing Defendant, pursuant to the Bail Reform Act of 1984, 18 U.S.C. § 3141, et seq. Any party may also appeal any of Defendant's conditions of release imposed by a magistrate judge.

(c) In a written motion or orally at the detention hearing before the magistrate judge, the party considering an appeal shall notify the court and may request to stay an order detaining or releasing Defendant pending the appeal. An order detaining or releasing Defendant shall not be stayed pending appeal unless ordered by the presiding magistrate or district judge.

(d) The appeal of an order of a magistrate judge detaining or releasing Defendant shall be heard expeditiously, typically within two business days of the notice of appeal of the order of a magistrate judge. The district judge shall preside and, if a district judge is not yet assigned, then the clerk's office will assign a district judge to hear the expedited appeal.

(e) Any party may request a continuance of a hearing on appeal for good cause, or the district judge may continue the hearing, based upon additional information and argument in the parties' supplemental memoranda and responses.

(f) Once the district judge has addressed detention or release, including the appeal of a detention or release order, any further motions requesting release or detention shall be presented to the district judge.

**CrimLR58.1. Magistrate Judges; Disposition of Misdemeanor Cases – 18 U.S.C. § 3401.**

All misdemeanor cases shall be assigned to a magistrate judge upon the filing of an information, complaint, or violation notice. A magistrate judge may:

(a) try persons accused of, and sentence persons convicted of, misdemeanors committed within this district in accordance with 18 U.S.C. § 3401;

(b) direct the U.S. Probation and Pretrial Services Office to conduct a presentence investigation in any misdemeanor case;

(c) conduct a jury trial in any misdemeanor case where Defendant so requests and is entitled to trial by jury under the Constitution and laws of the United States, which includes any offense, including offenses charged under the Assimilated Crimes Act, for which a term of imprisonment of more than six months may be imposed; and

(d) dispose of minor offenses that are transferred to this district under Fed. R. Crim. P. 20.

**CrimLR58.2. Trial of Misdemeanor Offenses.**

Subject to the limitation of 18 U.S.C. § 3401, magistrate judges are specifically designated to try persons accused of, and sentence persons convicted of, misdemeanor offenses committed within this district. In addition, magistrate judges may dispose of misdemeanor offenses that are transferred to this district under Fed. R. Crim. P. 20.

**CrimLR58.3. Appeal from Misdemeanor Conviction by Magistrate Judge.**

**(a) Notice of Appeal.** Pursuant to 18 U.S.C. § 3402 and Fed. R. Crim. P. 58(g)(2), Defendant who has been convicted by a magistrate judge may appeal to a district judge by filing a notice of appeal within fourteen (14) days after entry of judgment.

**(b) Record.** The record on appeal shall consist of the original papers and exhibits filed with the court, the mechanical or stenographic recording of the proceedings, and a certified copy of the docket entries. A transcript, if desired, shall be ordered as prescribed by Fed. R. App. P. 10(b).

Within thirty-five (35) days after a transcript has been ordered, the original and one copy shall be filed with the clerk. All other documents and exhibits shall be held by the clerk pending the receipt of the transcript.

Upon receipt of the transcript, the record on appeal shall be deemed complete. If no transcript is ordered within fourteen (14) days after the notice of appeal is filed, or if the parties advise the clerk that no transcript will be ordered, the record on appeal shall be deemed complete fourteen (14) days after the notice of appeal is filed.

**(c) Assignment to a District Judge.** The clerk at the time of filing of the notice of appeal shall assign the appeal to a district judge in the same manner as any indictment and shall notify the parties of the filing of the record and of the time for filing of briefs in accordance with this rule.

**(d) Abbreviated Appeals.** An "abbreviated appeal" may be taken, if elected by the appellant and approved by the district judge, in which case the appeal will be considered without briefs. In the case of an abbreviated appeal, the appellant shall make an election to proceed by abbreviated appeal at the time of filing notice of appeal and may do so by including the election as part of the notice.

**(e) Briefs.** When the appellant has not elected to proceed without briefs by an "abbreviated appeal," the appellant shall serve and file a brief within twenty-one (21) days after the record on appeal is complete. The appellee shall serve and file a responsive brief within twenty-one (21) days after service of the brief of the appellant. The appellant may serve and file a reply brief within seven (7) days after service of the brief of the appellee. Each brief shall not exceed twenty (20) pages in length unless otherwise ordered by the court. These periods may be altered by order of the district judge.

**(f) Notice of Hearing.** Oral argument may be scheduled by order of the court.

**CrimLR59.1. Counsel-Prepared Orders of Court Rulings.**

If ordered by the court, a prevailing party shall draft a proposed order memorializing an oral ruling as soon as possible after the hearing and email the draft order to the Orders inbox for the presiding judge.

If the submitted order requires a stipulation of the parties or an approval in substance or form by opposing counsel, then it should be noted on the proposed order. Any objections to a proposed order requiring stipulation or approval as to form shall be emailed to the relevant chambers within one (1) day of receiving the draft from the prevailing party, and may include a substitute proposed draft.

**CrimLR60.1. Motions for Reconsideration.**

Motions for reconsideration are disfavored. Parties should not use motions for reconsideration to repeat arguments previously raised.

Motions seeking reconsideration of case-dispositive orders shall be governed by Fed. R. Civ. P. 59 or 60, as applicable. Any other motions for reconsideration may be brought only upon the following grounds:

(a) Discovery of new material facts not previously available;

(b) Intervening change in law; and/or

(c) Manifest error of law or fact.

Motions asserting manifest error of law or fact under Subsection (c) must be filed within fourteen (14) days of the court's order.

Other than a statement of no opposition, no opposition or reply shall be filed unless directed by the court. A motion for reconsideration will not be granted, unless the non-moving party is given the opportunity to respond.

**CrimLR77.2. Clerk's Office: Location and Hours.**

The offices of the clerk of this court are located at 300 Ala Moana Boulevard, Room C-338, Honolulu, Hawaii, 96850. Business hours are 8:30 a.m. to 4:00 p.m.

each day, except Saturdays, Sundays, legal holidays, and other days or times so ordered by the court.

**CrimLR77.3. Ninth Circuit Court Library: Operation and Use.**

The United States Court of Appeals for the Ninth Circuit maintains a law library for the primary use of judges and personnel of the court. In addition, attorneys admitted to practice in this court may use the library, when circumstances require, while actively engaged in actions or proceedings pending in the court. The library is operated in accordance with such rules and regulations as the court may from time to time adopt. Pro se parties may use the court library only if they obtain an order signed by any judge of this court.

**CrimLR79.1. Custody and Disposition of Files and Exhibits.**

After being admitted into evidence, exhibits of a documentary nature in any case pending or tried in this court, including such electronically stored information, shall be placed in the custody of the clerk during the duration of the proceeding unless otherwise ordered by the court. All other exhibits, models, and material offered or admitted in evidence shall be retained in the custody of the attorney or party producing the same pending disposition of the case and for any appeal period thereafter unless otherwise ordered by the court.

At the conclusion of the trial or hearing, including any post-trial motions, every exhibit marked for identification or introduced in evidence and all depositions and transcripts in the custody of the clerk shall be returned to the party who produced them.

On request, a party or attorney with custody of any exhibits has the responsibility to produce such exhibits to this court or the Court of Appeals, and shall grant the reasonable request of any party to examine or reproduce such for use in the proceeding.

**CrimLR79.2. Search Warrants, Orders on Pen Registers, Orders on Trap and Trace Devices, and Mobile Tracking Device Warrants.**

Unless otherwise ordered by the court, any search warrant, order on pen register, order on trap and trace device or mobile tracking device warrant ordered sealed in a criminal matter, will be unsealed one (1) year after the file date of the

search warrant or the expiration date of the pen/trap order or tracking warrant. At least sixty (60) days before the expiration of the sealing order, the clerk must notify the Criminal Chief at the Office of the United States Attorney, or his or her designee, of the date when the documents will be unsealed. The government may file a motion to extend the sealing order, and the motion may be filed ex parte. Documents unsealed under this rule may be destroyed, when eligible, under the Records Disposition Schedule in the Guide to Judiciary Policy.

**CrimLR81.1. Self-Represented Defendants.**

**(a) Self-Represented Defendants.** Those proceeding without an attorney or pro se with standby counsel must appear personally on behalf of themselves only and may not delegate that duty to another who is not authorized to practice in this court. Pro se defendants shall abide by all local, federal, and other applicable rules and/or statutes. Sanctions may be imposed for failure to comply with the Criminal Local Rules.

**(b) Entities Other than Individuals.** Entities other than individuals, including but not limited to corporations, partnerships, limited liability partnerships or corporations, trusts, community associations, and unions, must be represented by an attorney.

**(c) Filing and Service by Self-Represented Defendants.**

(1) Self-represented defendants need not serve any document that is electronically filed.

(2) The court may agree to accept by e-mail scanned documents from a self-represented defendant intended for electronic filing. All documents intended for filing by the self-represented litigant must be signed by hand and conform to CrimLR10.2.

(3) If a self-represented defendant presents a document or item for filing that cannot be scanned or does not produce a legible electronic image, the clerk must:

(A) Briefly describe the document or item and note the date of its submission in the record of the case; and

(B) Notify the litigant to serve the document or item by other means within three (3) business days.

**(d) Application of Three-Day Mailing Rule.** When a party may or must respond to a document within a specified time period in a case involving a self-represented defendant three (3) days are added to the end of the response time, except when the party receives the document by e-mail, CM/ECF, personal service, or hand delivery.

**(e) Ex Parte Communications.** Self-represented defendants must not informally communicate with the presiding judge or chambers staff by letter, telephone, or electronic means. Requests for action must be brought by motion subject to response by the opposing party. Documents sent directly to the presiding judge will be shared with all parties in the case. The court may, in its discretion, construe written ex parte requests as motions that shall be docketed and treated as such by all parties.

**CrimLR83.1. Attorneys: Admission to the Bar of this Court; Change of Address.**

**(a) Eligibility for Membership.** Admission to and continuing membership in the bar of this court is limited to: (1) attorneys of good moral character who are active members in good standing of the State Bar of Hawaii, and (2) attorneys of good moral character who were admitted to the bar of this court prior to October 1, 1997 as active members in good standing of a bar of the highest court of any State or territory of the United States or the District of Columbia, and who have maintained that standing.

**(b) Admission to the Bar.** An attorney who is of good moral character and an active member in good standing of the State Bar of Hawaii is eligible to apply for membership in the bar of this court. An applicant for admission to the bar must present to the clerk a completed and signed Petition for Admission to Practice (HID 002), along with the applicable fee.

**(c) Permission to Practice Before the Court.** Individuals who are not members of the bar of this court may, in the court's discretion, be granted leave to practice in this court as follows.

**(1) Attorneys for the United States.** An attorney who is an active member in good standing of the bar of the highest court of any State or territory of the United States or the District of Columbia and who is employed by the United States and who has occasion to appear in this court on behalf of the United States, shall be eligible to apply to practice in this court during the period of such employment. The court shall grant leave to practice upon written notice, accompanied by an affidavit verifying eligibility. If the application is granted, the attorney is subject to the jurisdiction of the court to the same extent as a member of the bar of this court.

**(2) Attorneys Admitted Pro Hac Vice for a Particular Case.**

**(A) Eligibility.** An attorney who is an active member in good standing of the bar of the highest court of any State or territory of the United States or the District of Columbia, who is of good moral character, and who has been retained to appear in this court may apply for pro hac vice status to appear in a particular case, except that, unless authorized by the Constitution of the United States or Acts of Congress, an attorney is not eligible to practice pursuant to this section if any one (1) or more of the following apply: the attorney resides in Hawaii; the attorney is regularly employed in Hawaii; or the attorney is regularly engaged in business, professional, or law-related activities in Hawaii.

**(B) Application.** An applicant shall submit the following information to the clerk, under penalty of perjury, using forms HID 007 and HID 007A, for each case in which the attorney seeks to appear:

(i) The attorney's city and state of residence and office address;

(ii) In what court(s) the attorney has been admitted to practice and the date(s) of admission;

(iii) That the attorney is in good standing and eligible

to practice in said court(s);

(iv) Whether and under what circumstances the attorney:

(a) Is currently involved in disciplinary proceedings before any state bar, federal bar, or its equivalent;

(b) Has, in the past ten (10) years, been suspended, disbarred, or otherwise subject to other disciplinary proceedings before any state bar, federal bar, or its equivalent;

(c) Has, in the past ten (10) years, been denied admission pro hac vice by any court or agency; and

(d) Has, in the past ten (10) years, been the subject of a criminal investigation known to the attorney or a criminal prosecution or conviction in any court.

(v) Whether the attorney has concurrently or within the year preceding the current application made any pro hac vice application in this court, and if so, the case name and number of each matter wherein the attorney made the application, the date of the application, and whether or not the application was granted; and

(vi) A designation of a current member in good standing of the bar of this court who maintains an office within the district to serve as associate counsel. The application shall include the address, telephone number, and written consent of such associate counsel, including the associated attorney's commitment to at all times meaningfully participate in the preparation and trial of the case with the authority and responsibility to act as attorney of record for all purposes; to participate in all court proceedings (not including depositions and other discovery) unless otherwise ordered by the court; and to accept service of any document required or authorized to be served upon counsel by the Federal Rules of Civil or Criminal Procedure, or by these rules, which shall be deemed proper and

effective service.

**(C) Fee.** The pro hac vice application shall be accompanied by payment to the clerk of any required assessment. Upon order by the court, the pro hac vice fee may be waived.

**(D) Ruling on Application.** The court will determine in its discretion whether to grant pro hac vice status. If the pro hac vice application is denied, the court may refund the fee paid by the attorney. If the application is granted, the attorney is subject to the jurisdiction of the court to the same extent as a member of the bar of this court.

**(d) Notice of Change of Status.** An attorney who is a member of the bar of this court, or any person who has permission to practice in this court, shall notify the court of any information that might render him or her ineligible to practice in this court, including without limitation the following:

(1) discipline by a court or bar in any jurisdiction;

(2) resignation from the bar of any jurisdiction while a disciplinary investigation or proceeding is pending;

(3) conviction for a felony, or for a misdemeanor that involves dishonesty;

(4) change in the attorney's status with another bar (including assuming inactive status) so that the attorney is no longer an active member in good standing of the bar of the highest court of any State or territory of the United States or the District of Columbia; or

(5) revocation of pro hac vice status in another jurisdiction.

The notice shall be filed within fourteen (14) days of the change. Failure to comply with this rule may result in the imposition of sanctions.

**(e) Change of Address or Contact Information.**

**(1) Address Changes.** An attorney or a self-represented litigant whose email, post office box, physical mailing address, fax, telephone number, or firm affiliation changes while appearing in any pending case must file with the court and serve upon all other parties in all pending cases a Notice of Change of Address within fourteen (14) days that specifies the effective date of the change.

**(2) Sanctions for Failure to Notify.** Failure to comply with this rule may result in sanctions, including but not limited to fines, dismissal of the case, or entry of judgment when:

(A) A document directed to the attorney or self-represented litigant by the court has been returned to the court as not deliverable; and

(B) The court fails to receive, within thirty (30) days of this return, a written communication from the attorney or self-represented litigant indicating a current address for service.

**CrimLR83.2. Attorneys: Practice in this Court.**

Only a member of the bar of this court who is also an active member in good standing of a state bar or its equivalent, or an attorney otherwise authorized by CrimLR83.1 to practice before this court, may enter an appearance for a party, sign stipulations or receive payment or enter satisfaction of judgment, decree, or order.

In every action or proceeding in which a party is represented by an attorney who is a member of the bar of this court but who does not maintain an office within the district, the court may order the attorney to designate in the pleadings a member in good standing of the State Bar of Hawaii who maintains an office within the district, and is a member of the bar of this court upon whom copies of pleadings may be served and with whom the district judge and opposing counsel may communicate concerning the conduct of the action. The associated attorney shall participate in all court proceedings unless otherwise ordered by the court but need not attend depositions or participate in other discovery. Any document required or authorized to be served upon counsel by the Federal Rules of Civil or Criminal Procedure, shall be served upon the associated attorney, which shall be deemed proper and effective service.

**CrimLR83.3. Attorneys: Standard of Professional Conduct.**

Every member of the bar of this court and any attorney permitted to practice in this court pursuant to CrimLR83.1(c) shall be governed by and shall observe the standards of professional and ethical conduct required of members of the State Bar of Hawaii.

**CrimLR83.4. Attorneys: Discipline.**

(a) When alleged attorney misconduct is brought to the attention of the court, the court may, in its discretion, handle the matter on its own through the use of its inherent, statutory, or other powers; refer the matter to an appropriate state bar or other agency for investigation and disposition; conduct an investigation on its own or through a designee; or take any other action the court deems appropriate. These procedures are not mutually exclusive, and nothing contained in the Local Rules should be construed to deny the court its inherent, statutory, or other powers to maintain control and preside over matters and proceedings conducted before it, including any contempt proceedings that may be proceeding elsewhere for the same conduct. Any reference made pursuant to these rules may be withdrawn by the court at any time in its discretion.

Unless the court directs otherwise, disciplinary proceedings shall be public.

Discipline imposed under these rules may include disbarment from this court, suspension from practice for a definite time, public or private reprimand, monetary penalties, including the payment of costs of the disciplinary proceedings, restitution, and/or such other discipline as the court may deem proper.

(b) When it comes to the attention of the court that a member of the bar of this court, or other person authorized to practice in this court, has been disbarred or suspended from practice by any other court, has been found guilty of a crime that is a felony or involves dishonesty or false statement, or fails to satisfy any of the court's present requirements for admission, a notice shall be mailed to such person's last known residence and business addresses, requiring that person to show cause within fourteen (14) days after the mailing of such notice why disbarment or suspension before this court should not occur.

If the person responds by stating that the imposition of an order of suspension

or disbarment from this court is not contested, or if the person does not respond, the court may order suspension or disbarment without further notice or process. In its discretion, the court may also accept the person's resignation from the bar of this court, or from practice before this court, in lieu of suspension or disbarment.

If the person files a timely response contesting suspension or disbarment, the district judge to whom the matter is assigned shall determine whether suspension or disbarment is nonetheless appropriate and the extent to which further investigation or process is warranted. In conjunction with that determination, the person shall promptly comply with any informational or evidentiary request made by the district judge.

For purposes of this Subsection, a finding of guilt is a verdict or judgment of guilty, a guilty plea, or a no contest plea. Deferred acceptance of a plea, a sentence suspension, or a conditional discharge does not change the definition of guilt for purposes of this rule.

(c) Any person who practices in this court without authorization may be held in contempt of court.

(d) The court may reinstate, without a hearing, any person suspended, disbarred, or otherwise disciplined under these rules, upon written request, for good cause shown and upon payment of the appropriate reinstatement fee.

**CrimLR84.1. Supervised Student Practice of Law.**

**(a) Definitions.**

(1) A "law student intern" is a person who is enrolled and in good standing at any accredited school of law, who has completed substantially one-third (⅓) of the requirements for graduation from that law school, who is enrolled in a clinical program at that law school, and to whom the order referred to in CrimLR84.1(b)(2) is in effect.

(2) A "clinical program" is a practice-oriented law activity administered under the direction of a faculty member of any accredited school of law, participation in which activity entitles qualified students to receive academic credit.

(3) A "supervising lawyer" is a member of the bar of this court who has been approved as a supervisor of law student interns by any accredited school of law or this court.

**(b) Qualification Procedures for Law Student Interns.**

(1) To become a law student intern, an applicant shall submit a letter from an appropriate representative of an ABA accredited law school certifying that the applicant is enrolled and in good standing, that he or she has completed substantially one-third (⅓) of the requirements for graduation therefrom, and that he or she is enrolled in a clinical program at the law school. The applicant shall also certify that he or she has read and is familiar with the standards of professional and ethical conduct required of members of the State Bar of Hawaii.

(2) This court shall issue an order designating each qualified applicant as a law student intern.

(3) In connection with a clinical program, a law student intern may appear before this court provided that:

(A) The client has consented in writing to such appearance; and

(B) A supervising lawyer has indicated in writing approval of such appearance.

In every such appearance by a law student intern, these written consents and approvals shall be filed in the record of the proceeding and shall be brought to the attention of the judge.

**(c) Duration of Law Student Intern Authorization.**

(1) Unless the order referred to in CrimLR84.1(b)(2) is revoked or modified, it shall remain in effect so long as the law student intern is enrolled in a clinical program at any accredited school of law, and shall cease to be in effect upon any termination of such enrollment. However, after the clinical semester ends, the law student intern may continue to represent a client in cases initiated before the semester ended if such

representation is deemed appropriate by the supervising lawyer.

(A) The certification referred to in CrimLR84.1(b)(1) may be withdrawn by an appropriate representative of the law school by notice to the clerk. It is not necessary that such notice state the cause for withdrawal. Upon receipt of such notice, the order referred to in CrimLR84.1(b)(2) shall be automatically revoked.

(B) The order referred to in CrimLR84.1(b)(2) with respect to any law student intern may be terminated by this court for cause consisting of violation of this rule or any act or omission that, on the part of any attorney, would constitute misconduct and ground for discipline. The effectiveness of a Subsection (b)(2) order may be suspended by this court during any proceedings to terminate such order.

**(d) Activities of Law Student Interns.** Any law student intern, with the knowledge and approval of the supervising lawyer and the client, may:

(1) Counsel and advise clients, interview and investigate witnesses, negotiate the settlement of claims, and prepare and draft legal instruments, pleadings, briefs, abstracts, and other documents; and

(2) Render assistance to clients who are inmates of penal institutions or other clients who request such assistance in preparing applications for and supporting documents for post-conviction legal remedies

**(e) Supervision of Law Student Practice.** The supervising lawyer shall counsel and assist the law student who practices law pursuant to this rule and shall provide professional guidance in every phase of such practice with special attention to matters of professional responsibility and legal ethics. Whenever a law student intern appears before the court, the supervising lawyer shall accompany the law student intern unless otherwise approved by the court. Any document requiring the signature of counsel and any settlement or compromise of a claim must be signed by a supervising lawyer.

**(f) Law Students Employed by the United States Attorney and the Federal Public Defender.** Any other local rule notwithstanding, in any criminal case, any law student under the supervision of the United States Attorney or the Federal Public Defender, who has completed at least two (2) years of study at any American Bar Association accredited law school, may appear in court provided that the United States Attorney or Federal Public Defender personally approves, and provided further that:

(1) The particular judge before whom the student is to appear consents;

(2) The student is supervised by an Assistant United States Attorney or Assistant Federal Public Defender who is present in court; and

(3) In the case of the Federal Public Defender, the written consent of Defendant is filed with the court.

**(g) Miscellaneous.** Law students practicing pursuant to this rule shall be governed by the rules of conduct applicable to lawyers generally, but the termination of practice referred to in CrimLR84.1(c)(1)(B) shall be the exclusive sanction for disciplinary infractions that occur during authorized practice. Any discipline imposed under this rule may be considered by a court or agency authorized to entertain applications for admission to the practice of law.

**CrimLR85.1 Habeas Proceedings.**

Motions to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 must be filed in the applicable criminal case. Within thirty-five (35) days of service of a Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255, respondents shall file a response addressing the matters asserted in the motion, unless otherwise ordered by the court. The form of motions and responses is governed by these rules, unless otherwise ordered by the court.

**UNITED STATES COURT OF APPEALS**
**FOR THE NINTH CIRCUIT**

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form15instructions.pdf*

**9th Cir. Case Number(s)** [ ]

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**

☐ I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**

☒ I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

Honorable Derrick K. Watson
Honorable Leslie E. Kobayashi
Honorable J. Michael Seabright
Honorable Jill A. Otake
United States District Court for the District of Hawaii
300 Ala Moana Boulevard
Honolulu, HI 96850

**Description of Document(s)** *(required for all documents)*:

Petition for Writ of Mandamus or Other Extraordinary Writ; Appendix

**Signature** /s/ Robert Brian Black **Date** 1/31/23

*(use "s/[typed name]" to sign electronically-filed documents)*

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*